**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Florencio REYES–HEREDIA,
Defendant–Appellant.**

No. 01–3659.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 25, 2002.

Decided March 4, 2002.

Before CUDAHY, ROVNER, EVANS, Circuit Judges.

### ORDER

■ Mexican national Florencio Reyes–Heredia pleaded guilty to being found in the United States without the permission of the Attorney General after having been deported, 8 U.S.C. § 1326(a), and was sentenced to forty-six months' imprisonment, three years' supervised release, and a $100 special assessment. Reyes filed a notice of appeal, but his attorney believes an appeal would be frivolous and so has filed a motion for leave to withdraw and a brief outlining the issues he considered raising. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Because counsel's brief is facially adequate and Reyes has not responded to it, our review is limited to the potential issues counsel identifies. *See* Cir. R. 51(b); *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir.1996).

■ Counsel first examines whether Reyes's former attorney increased Reyes's sentencing exposure by prompting the government to obtain a superseding indictment that gives notice of the sentencing enhancement in 8 U.S.C. § 1326(b)(2) for defendants deported subsequent to a conviction for an aggravated felony, and also alleges that Reyes's deportation was subsequent to such a conviction. This "tip" was harmless, counsel rightly concludes, because § 1326(b)(2) is a penalty provision, not a separate offense, and Reyes would thus have been subject to the same sentence even under the original indictment. *See Almendarez–Torres v. United States*, 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (§ 1326(b)(2) is a "penalty provision" authorizing increased sentences for recidivists, not a separate crime; prior convictions need not be set out in indictment); *United States v. Palomino–Rivera*, 258 F.3d 656, 661 (7th Cir.2001) (same), *cert. denied* —— U.S. ——, 122 S.Ct. 1106, —— L.Ed.2d. —— (2002). *See also Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (any fact "[o]ther than the fact of a prior conviction" that increases penalty beyond prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt).

■ Nor do either of Reyes's motions for downward departure provide a basis for appeal, according to counsel. The first—based on Reyes's family circumstances, U.S.S.G. § 5K2.0—was withdrawn after the district court opined that its pursuit violated a plea agreement provision permitting the parties to recommend any sentence "within the applicable guideline range." Again, counsel's decision to withdraw the motion was harmless, because the court explained that it "would, at any

rate, [have] den[ied] the motion." The second motion argued that Reyes's criminal history category over-represented the seriousness of his criminal history, U.S.S.G. § 4A1.3, but the district court disagreed, stating, "I do not think his criminal history category finding is excessive when you view [Reyes's] entire history in perspective." As counsel observes, this statement indicates that the court was aware of its authority to depart and immunizes from review its refusal to do so. *See, e.g., United States v. Green,* 258 F.3d 683, 695–96 (7th Cir.2001).

█ Finally, counsel considers the district court's refusal to postpone Reyes's sentencing date beyond November 1, 2001. Reyes had hoped to benefit from proposed changes to U.S.S.G. § 2L1.2, the guideline governing illegal reentry. But Reyes would have fared no better under the newer version of the guideline; his 1991 Illinois conviction for Aggravated Criminal Sexual Abuse under 720 ILCS 5/12–16(b) ("[t]he accused commits aggravated criminal sexual abuse if he or she commits an act of sexual conduct with a victim who was under 18 years of age when the act was committed and the accused was a family member") still subjects him to a 16–level increase in offense level. *Compare* U.S.S.G. § 2L1.2(b)(1)(A) (2000) (16–level increase where deportation is subsequent to conviction for "aggravated felony") *and* 8 U.S.C. § 1101(a)(43) ("aggravated felony" means "sexual abuse of a minor") *with* U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2001) (16–level increase for deportation after "crime of violence") *and* comment. (n.1(B)(ii)(II)) ("Crime of violence" includes "sexual abuse of a minor").

We agree with counsel that the potential issues discussed in the brief are frivolous. Accordingly, counsel's Motion to Withdraw is GRANTED, and Reyes's appeal is DISMISSED.