**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mario R. MERCADO, Defendant–
Appellant.**

**No. 01–1630.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 25, 2002.

Decided July 25, 2002.

Before POSNER, KANNE, and EVANS, Circuit Judges.

ORDER

A jury found Mario Mercado guilty of possessing cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and he was sentenced to 97 months' imprisonment four years' supervised release, a $1000 fine, and a $100 special assessment. Mercado appeals, but his counsel now moves to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), explaining that she is unable to identify a nonfrivolous ground for appeal. Pursuant to Circuit Rule 51(b), Mercado submitted a response to counsel's motion, proposing various potential arguments for appeal. Counsel's *Anders* brief is facially adequate, and we thus limit our review of the record to the potential issues that counsel and Mercado discuss. *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam). Because we conclude that an appeal raising those issues would be frivolous, we grant counsel's motion to withdraw and dismiss the appeal.

The only potential ground for appeal raised by counsel is whether the evidence was sufficient to support a finding of guilt. In reviewing such a claim, we would consider the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor. *United States v. Taylor,* 226 F.3d 593, 596 (7th Cir.2000). We agree with counsel that sufficient evidence exists to support Mercado's conviction. Mercado testified at trial that he was asleep in an upstairs bedroom when police officers began searching the house for drugs. A police officer testified to observing Mercado throw a large box containing 955 grams of cocaine out of an upstairs window. Another officer testified that upon searching the room in which Mercado had been sleeping, he found numerous cell phones and pagers, an electronic scale, packaging materials, and a semi-automatic handgun. Although at trial Mercado denied possessing the cocaine and throwing the box out the window, we would reverse a jury's credibility determination only in rare circumstances, none of which apply here. *United States v. Williams,* 216 F.3d 611, 614 (7th Cir.2000). Thus, it would be frivolous to argue that the jury's verdict was not supported by sufficient evidence.

Mercado's Rule 51(b) response proposes several additional grounds for appeal. Mercado first argues that 21 U.S.C. § 841 is unconstitutional because Congress lacked authority under the Commerce Clause to enact it. He contends that only the state of Wisconsin could prosecute him for possessing cocaine with the intent to distribute. But that argument would be frivolous because we have held that "it was within the authority of the Congress under the Commerce Clause to create drug laws criminalizing narcotics transactions such as those found under 21 U.S.C. §§ 846 and 841." *United States v. Westbrook*, 125 F.3d 996, 1009 (7th Cir.1997). Mercado next contends that the indictment was insufficient because it charged him as a corporation rather than an individual. Our review of the indictment, however, confirms that he was charged as the individual Mario Ricardo Mercado. Lastly, Mercado argues that his counsel was ineffective for not challenging the indictment. Because this claim relies on evidence outside the district court record, Mercado would be better served bringing the claim on collateral attack rather than direct appeal. *See United States v. Schuh*, 289 F.3d 968, 976 (7th Cir.2002). Moreover, Mercado's appellate counsel represented him at trial, and ineffective-assistance claims should not be raised on direct appeal unless the defendant is represented by a different attorney on appeal. *See United States v. Martinez*, 169 F.3d 1049, 1052 (7th Cir. 1999).

Thus, for the foregoing reasons we GRANT counsel's motion to withdraw and DISMISS the appeal.