**UNITED STATES of America Plaintiff–Appellee,**

v.

**Mark AYILLA, Defendant–Appellant.**

No. 02–1068.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 25, 2002.

Decided Oct. 25, 2002.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

### ORDER

Government agents arrested Mark Ayilla, a Nigerian citizen, after he obtained a fraudulent birth certificate and social security card from a known counterfeiter cooperating in a government sting operation. After his arrest Ayilla falsely told agents interviewing him that he was a United States citizen. Ayilla subsequently waived indictment and pleaded guilty to producing a false identification document in violation of 18 U.S.C. § 1028(a)(1) and falsely representing himself as a United States citizen in violation of 18 U.S.C. § 911. He was sentenced to concurrent five-month terms of imprisonment followed by three years of supervised release with the condition that if deported, he could not re-enter the United States without the Attorney General's permission. Ayilla filed a timely notice of appeal, but after completion of his prison sentence he was deported to Nigeria. His counsel has now moved to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he cannot discern a nonfrivolous argument to pursue on appeal. Because Ayilla left his appointed counsel without a forwarding address, he has not responded to–or even seen–counsel's brief. We therefore confine our review to the potential issues raised in counsel's facially adequate *Anders* brief. *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel correctly observes that by pleading guilty unconditionally, Ayilla admitted the facts as charged and waived his opportunity to present a defense on the

merits. *United States v. Rietzke*, 279 F.3d 541, 545 (7th Cir.2002). Ayilla could still challenge the validity of his guilty pleas, but after consulting with counsel, he concluded that he did not want to withdraw them. Following our recent instruction on this point, counsel properly avoids discussing the plea colloquy further. *United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002).

■■■ Counsel next considers whether Ayilla could advance a nonfrivolous sentencing challenge. Although Ayilla has already been released from prison, his appeal is not moot because the district court imposed the maximum term of supervised release and so he could theoretically succeed in having it reduced. *United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir. 2001) (completion of a prison sentence does not moot an appeal unless it would be impossible to reduce the ongoing term of supervised release). Still, as counsel correctly notes, any potential sentencing arguments would be frivolous. Ayilla's five-month prison terms were within the applicable guideline range and well below the fifteen-and three-year statutory maximums under § 1028(b)(1) and § 911, respectively. And since Ayilla agreed in his plea agreement to the relevant guidelines calculations and did not object to those calculations at sentencing, he waived any challenge to them. *United States v. Staples*, 202 F.3d 992, 995 (7th Cir.2000). Furthermore, the district court calculated Ayilla's imprisonment range at zero to six months, the lowest possible range under the guidelines, so any objection to the sentencing calculations could not have had an impact at sentencing.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Ayilla's appeal.