**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Omar FAZAL and Lonnie Buchanan,**
**Defendants–Appellants.**

**Nos. 02–1330, 02–1756.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 11, 2003.

Decided March 14, 2003.

Rehearing Denied May 9, 2003.

Before EASTERBROOK, ROVNER, and EVANS, Circuit Judges.

## ORDER

A jury found Omar Fazal and Lonnie Buchanan guilty of distributing and conspiring to distribute heroin and crack. 21 U.S.C. §§ 846, 841(a)(1). On the second day of trial–eight days after the September 11, 2001, attacks on the World Trade Center and Pentagon–one juror sent the following note to the judge: "To Judge Anderson! I would like to know, what nationality the two defendants have." According to Fazal, he is a Muslim and has an "Islamic sounding first and last name, olive complexion and thick black beard." Buchanan does not identify his nationality, race, or religion, but it appears that he is not a Muslim. The judge informed defense counsel of the note, suggesting three options for dealing with it: excuse the juror; admonish the jury that ethnicity, race, and nationality are not proper considerations; or separately question the juror regarding whether the defendants' nationalities would influence his decision. The parties agreed to excuse the juror, and an alternate was impaneled. The judge later

met privately with the excused juror, who stated that he never discussed the matter with his fellow jurors.

After they were found guilty, the defendants moved for a new trial on the ground that the judge did not ask the other jurors whether the September 11 attacks would affect their ability to decide the case fairly. The district court denied the motions, reasoning that the defendants had earlier agreed that excusing the juror was the proper response to the note and that, in any event, no evidence linked the author's inquiry, which had not been discussed with the other jurors, to ethnic animus.

On appeal Fazal and Buchanan's attorneys seek to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and have filed a consolidated brief explaining that they cannot discern a nonfrivolous issue for appeal. Fazal and Buchanan filed responses to the brief, *see* Cir. R. 51(b), and we limit our review of the record to the potential issues identified in counsel's facially-adequate brief and in the Rule 51(b) responses. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam). Because we agree that those potential issues would be frivolous, we grant the motions to withdraw and dismiss the appeals.

■ Counsel provide an exhaustive list of potential appellate issues, only a few of which require discussion. We first address whether the defendants could argue that they should receive a new trial because the judge did not question the remaining jurors about their ability to be impartial in light of the September 11 attacks. Counsel conclude, and we agree, that the defendants waived that argument by agreeing with the trial judge's proposal to excuse the juror who wrote the note and by neglecting to request any additional remedy. *See United States v. Zizzo*, 120

F.3d 1338, 1349 (7th Cir.1997) (by withdrawing objection, defendant waived right to challenge judge's decision not to question entire jury regarding whether they knew that one juror overheard private conversation between defendants); *United States v. Neal*, 692 F.2d 1296, 1307–08 (10th Cir.1982) (by abandoning motion for mistrial and agreeing to excuse juror who said "hearsay" during cross-examination of government witness, defendant waived right to contend that remainder of jury was tainted by remark). But even if we were to address this issue on the merits, we would ask only whether the judge abused his discretion by failing to question the remaining jurors. *See United States v. Paneras*, 222 F.3d 406, 411 (7th Cir. 2000). Questioning the jury in the middle of trial regarding possible bias would have drawn attention to the issue unnecessarily, especially given the lack of evidence that the excused juror tainted the others. *See United States v. Reynolds*, 189 F.3d 521, 527–28 (7th Cir.1999); *United States v. Stafford*, 136 F.3d 1109, 1112–13 (7th Cir. 1998); *Zizzo*, 120 F.3d at 1349. Moreover, the evidence against the defendants was overwhelming, a factor that militates against a finding that the excused juror tainted the rest of the jury. *See Paneras*, 222 F.3d at 411–12. Accordingly, even if the issue had been properly preserved for appeal, it would be frivolous to argue that the judge abused his discretion in not questioning the entire jury.

■ Counsel also examine whether the defendants could argue that they should receive a new trial based on the judge's *ex parte* communication with the excused juror. After deciding to excuse the juror, trial counsel agreed with the judge's proposal to have court personnel quietly inform the juror that he was excused and that he could meet with the judge during the lunch break if he wanted to discuss the

matter. When the excused juror met with the judge, their conversation was off the record, and counsel was not present. Nevertheless, we see nothing wrong with that communication because the juror had already been excused; thus, their conversation could not have affected the verdict. *See United States v. Pressley,* 100 F.3d 57, 59–60 (7th Cir.1996); *United States v. Duke,* 255 F.3d 656, 659–60 (8th Cir.), *cert. denied,* 534 U.S. 1022, 122 S.Ct. 550, 151 L.Ed.2d 426 (2001). Accordingly, we agree with counsel that an appeal based on this issue would be frivolous.

■■■■ Counsel further examine whether the defendants could argue that the evidence was insufficient to support their convictions, but we agree with counsel that such an argument would be frivolous. The government established at trial that on three occasions a government informant made arrangements with Fazal to purchase drugs, and when the deliveries occurred, both Fazal and Buchanan participated. Fazal drove each time, with Buchanan as a passenger, to a prearranged location, where Buchanan delivered the drugs and collected the money. On one of those occasions, when the informant called Fazal's cellular phone, Buchanan answered and told him that he would speak to Fazal and that he should call back later. Before each transaction, agents searched the informant for drugs and found none. After the transactions, which the agents observed, the informant returned with drugs. At trial the government also introduced numerous conversations that it had intercepted from a wiretap on Fazal's telephone. In those conversations Fazal and Buchanan discussed their drug dealing. This overwhelming evidence amply supports the convictions of Fazal and Buchanan. Moreover, given the evidence against the defendants, we also agree with counsel

that it would be frivolous to argue that the district court erred in admitting co-conspirator statements based on the government's alleged failure to establish a conspiracy by a preponderance of the evidence. *See Bourjaily v. United States,* 483 U.S. 171, 175, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987).

■■■ Counsel also question whether the defendants could argue that the district court erred in allowing the government to provide the jury with transcripts of the recordings of the intercepted conversations. Counsel are correct that it would be frivolous to argue that the court abused its discretion. Trial counsel did not identify any inaccuracies in the transcripts, and the court instructed the jury that the recordings, not the transcripts, were the evidence of what was said in the conversations. *See United States v. Howard,* 80 F.3d 1194, 1198–1200 (7th Cir.1996) (district court did not abuse its "broad discretion" to allow jury to read transcript of recorded conversations, especially when court properly instructed jury that transcript was not evidence).

■■■ Counsel additionally consider whether the defendants could raise a claim based on the Speedy Trial Act, but assert that such an argument would be frivolous because the trial court properly excluded certain delays from the speedy-trial clock. We conclude that a speedy-trial claim would be frivolous for a different reason: the defendants waived it by not moving before trial for a dismissal. *See* 18 U.S.C. § 3162(a)(2); *United States v. Alvarez,* 860 F.2d 801, 821 (7th Cir.1988).

As for counsel's remaining potential arguments, we agree with counsel, for the reasons explained in their *Anders* brief, that an appeal based on them would be frivolous. We note, however, that counsel consider whether the defendants could raise claims of ineffective assistance of tri-

al counsel, and in their Rule 51(b) responses, Fazal and Buchanan list numerous potential bases for such claims. We agree with counsel, however, that the record is insufficient to evaluate the performance of the defendants' trial attorneys, *see United States v. Schuh,* 289 F.3d 968, 976 (7th Cir.2002), although Fazal and Buchanan may be able to raise their claims in collateral proceedings where the record can be more fully developed.

 Finally, Fazal identifies one additional potential argument not discussed in counsel's *Anders* brief. He suggests arguing that a government agent lied in his amended application for a warrant to intercept wire communications from Fazal's home telephone. He contends that the district court should have held a hearing under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), to determine whether the resulting audio recordings should have been suppressed. Fazal identifies two alleged false statements. First, the agent stated that the government did not plan to start intercepting telephone calls until July 24, 2000, but Fazal contends that the interception began in June. Second, the agent stated that a confidential source "leaned into Fazal's car" to conduct a drug transaction, but Fazal contends that it was impossible for anyone to lean into his car because neither the window nor the door of his car operated (presumably on the driver's side). It would be frivolous, however, to raise this argument on appeal. First, Fazal waived the argument by not asking the district court to conduct a *Franks* hearing. Second, his self-serving statements, without more, would be insufficient to satisfy his substantial burden to prove that the agent's statements are false. *See United*

*States v. Maro,* 272 F.3d 817, 821 (7th Cir.2001), *cert. denied,* 535 U.S. 1029, 122 S.Ct. 1632, 152 L.Ed.2d 642 (2002).

Accordingly, we GRANT the motions to withdraw and DISMISS the appeals of Fazal and Buchanan. As a final matter, we DENY Buchanan's motion for reconsideration of our denial of his earlier motion to review the trial transcripts and of his motion for reappointment of counsel.