**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Clarence R. TABB, Defendant–Appellant.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Reginald DALE, Defendant–Appellant.**

**Nos. 97–1306, 97–1585.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 30, 1997*.

Decided Sept. 22, 1997.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a); Cir. R. 34(f).

Amanda A. Robertson (submitted on briefs), Office of the United States Attorney, Benton, IL, Frances C. Hulin (submitted on briefs), Office of the United States Attorney, Springfield, IL, for United States of America.

David M. Williams, Fairfield, IL, for Clarence R. Tabb.

Howard W. Feldman, Feldman, Wasser, Draper & Benson, Springfield, IL, for Reginald Dale.

Before RIPPLE, ROVNER, and EVANS, Circuit Judges.

PER CURIAM.

Several months ago, in *United States v. Wagner*, 103 F.3d 551 (7th Cir.1996), we clarified the procedure we follow when determining whether to accept a motion by a criminal defendant's lawyer to withdraw from representing a defendant on appeal because no nonfrivolous issues can be advanced. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our starting point is the *Anders* brief itself, which we review to see if it is adequate on its face. If it explains the nature of the case and intelligently discusses the issues that a case of the sort might be expected to involve, we will not conduct an independent review of the record to determine whether a more ingenious lawyer might have found additional issues that may not be frivolous. Instead, we confine our scrutiny of the record to the portions that relate to the issues discussed in the brief. If in light of this scrutiny it is apparent that the lawyer's discussion of the issues she chose to discuss is reasonable and if there is nothing in the district court's decision to suggest that there are other issues the brief should have discussed, we will have a sufficient basis for confidence in the lawyer's competence to forego scrutiny of the rest of the record. Then, if we agree with the brief, we will grant the attorney's request to withdraw as counsel and dismiss the appeal as meritless.

We took this approach because a lawyer submitting an *Anders* brief is, in essence, offering an expert opinion that the appeal is devoid of merit. If the brief, on its face, is adequate, we think we can comfortably rely on the professional opinion it offers. We are also influenced by a defendant's response, if any, to the *Anders* brief which must be served on the defendant. 7th Cir. R. 51(b). And although we do not attach conclusive weight to a defendant's failure to respond to an *Anders* brief, it may, in fact, be an acknowledgment that the appeal should be abandoned as hopeless. *Wagner* at 552. The two cases before us today involve *Anders* briefs, and we have consolidated them because in each we find the brief to be inadequate. We hope, by issuing this written opinion, to provide further guidance to the Bar when submitting requests to withdraw coupled with an *Anders* brief.

A jury found Clarence Tabb guilty of conspiring to distribute crack cocaine and a substantive count of possession of crack with the intent to distribute. 21 U.S.C. §§ 841(a)(1), 846. The district judge sentenced Tabb to concurrent prison sentences of 168 months on each of the two counts. Tabb's appointed counsel has filed an *Anders* brief indicating

that there is no nonfrivolous ground for appeal, and Tabb has filed a response.

 In his brief, counsel mentions both the defendant's conviction and his sentence. He notes two possible grounds for appealing the sentence and discusses why these would be frivolous. We conclude that the discussion of these issues indicates an adequate review of the sentencing issues. We conclude, however, that counsel's discussion of the possible grounds for appealing the defendant's conviction does not indicate that the matter has received sufficient scrutiny. We do not mean to imply that any time an attorney files an *Anders* brief he must discuss issues related to both the conviction and sentence. However, if counsel chooses to discuss only the defendant's sentence, the brief at minimum must assure us that he has made a sufficiently thorough evaluation of the record to conclude that no further discussion of other areas of the case is necessary.

Counsel mentions two issues with regard to the defendant's conviction. First, he notes a *pro se* filing the defendant made in the district court claiming immunity from prosecution on the basis of the Emancipation Proclamation. Second, he discusses a possible ineffective assistance of counsel claim. The discussion of these issues in the brief does not satisfy the standard established in *Wagner*. As the defendant's *pro se* filing clearly had no merit, counsel properly gave it short shrift—actually, he didn't have to mention it at all. However, counsel's raising of this issue says nothing about his own evaluation of the trial record. The defendant's filing had nothing to do with the conduct of the trial, and counsel need not have examined the record to determine that the filing was without merit.

Counsel's discussion of the ineffective assistance of counsel claim does not demonstrate that he looked at the record and made an informed decision that no issues merited appeal. He correctly notes that in order to prevail upon an ineffectiveness claim a defendant must show both inadequate performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052, 2055–56, 80 L.Ed.2d 674 (1984). Counsel then states that there is no basis upon which to conclude that the defendant suffered any prejudice from any actions taken by trial counsel. Such a statement would seem like a possible predicate for a discussion that would indicate counsel's review of the events at trial. However, after noting the proper standard, counsel's brief makes no reference to the conduct of the trial. He does not state as a conclusion that there were no prejudicial errors, much less indicate by his discussion that the court should accept that this is the case. Rather, he goes on to state that the defendant was uncooperative with the probation officer in connection with his detention hearing and presentence investigation and with counsel at trial. He then makes a further reference to the fact that the defendant's *pro se* filing was frivolous.

The problem with the *Anders* brief in this case is not what it says, but what it does not say. While it makes a series of points that are true, it gives no indication that counsel has determined, following a proper examination of the record, that there is no nonfrivolous basis for the appeal. We wish to emphasize that counsel need not discuss every possible issue. Our concern here is not counsel's decision not to press certain issues, but rather that his discussion does not indicate that he made a reasoned decision not to raise the issues he has omitted. While we give broad discretion to attorneys to decide what matters to discuss in an *Anders* brief, the degree to which we rely on counsel to determine whether an appeal is warranted requires sufficient indicia in the brief that counsel has made a sound judgment. We find such to be lacking in the present case.

We now turn to Reginald Dale's case where he was found guilty, by a jury, of being a felon in possession of a firearm. 18 U.S.C. § 922(g). The district judge sentenced him to a term of 72 months. Dale filed a timely notice of appeal, and his appointed counsel has filed a brief indicating that there is no nonfrivolous ground for appeal. Dale, like Tabb, has filed a response.

 Although this case is factually a lot simpler than Tabb's, we conclude that the *Anders* brief here is inadequate. In the brief, counsel states that Dale wanted him to file an appeal and to raise certain issues, namely, that the trial judge erred in admitting a key piece of evidence and that the

evidence was insufficient to support Dale's conviction. Counsel then states, in a footnote, his belief that neither of these issues nor any others could provide a basis for a nonfrivolous appeal. But then, rather than explaining why these issues would be frivolous, counsel argues the issues advanced by Dale as though they had merit (having disclaimed the arguments as his own, and indicating he was making them only because his client requested that he do so).

The approach taken here is not sufficient for us to grant counsel's motion to withdraw. He simply makes the arguments that Dale requested and then states his belief that other arguments are frivolous, as though this were readily apparent. We do not think it is, and therefore we must deny counsel's motion to dismiss the appeal and withdraw from the case. If counsel believes that this case involves no nonfrivolous ground for appeal, he should file another *Anders* brief explaining why any potential arguments have no merit. Counsel for Mr. Tabb should do the same thing.

Counsel's motion to withdraw and to dismiss the appeal in each case is DENIED. The attorneys will have 60 days to decide how they wish to proceed in their respective cases.

SO ORDERED.