142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Altaf A. BORICHA, Defendant-Appellant.
 No. 98-1051.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 23, 1998.
Decided May 21, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois, No. 96-CR-30051.
 Before Hon. THOMAS E. FAIRCHILD, Hon. FRANK H. EASTERBROOK, and Hon. DIANE P. WOOD, Circuit Judges.
 ORDER
 MILLS, J.
 
 
 1
 On the day of trial and without a plea agreement, Altaf Boricha pleaded guilty to conspiring to possess and distribute methamphetamine, in violation of 21 U.S.C. § 846, and to distributing more than 100 grams of methamphetamine, in violation of 21 U.S.C. § 841. He was sentenced to ten years' imprisonment pursuant to the statutory minimum dictated by 21 U.S.C. § 841(b)(1)(A), and then filed a notice of appeal. Boricha's attorney filed a motion to withdraw because, in his opinion, there are no nonfrivolous grounds for appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); United States v. Tabb, 125 F.3d 583 (7th Cir.1997). Boricha was notified of his attorney's action, but has not filed a response. We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 Boricha and numerous co-defendants were charged with conspiracy to distribute and distribution of methamphetamine. Approximately one month before the scheduled trial date, the district court conducted an in camera proceeding to address Boricha's complaint that his attorney refused to provide him with copies of all discovery materials. The district court determined that counsel had reviewed all 2,200 pages of discovery and either had or would review the relevant documents with Boricha. The court also explained to Boricha that he was not entitled to copies of all of the discovery materials. On the day of trial, Boricha informed the court that he wished to plead guilty. After engaging in a thorough Rule 11 colloquy with Boricha, the district court found that the plea was knowing and voluntary and, therefore, accepted the guilty plea. Boricha was sentenced to 10 years' imprisonment, the mandatory minimum term provided by 21 U.S.C. § 841(b)(1)(A).
 
 
 3
 Boricha's attorney presents four potential grounds for appeal. Counsel states that Boricha could challenge his guilty plea on the ground that it was either involuntary or lacked a sufficient factual basis. Having reviewed the transcript of the change of plea hearing, we agree with counsel that an appeal on these grounds would be frivolous. The district court fully complied with the dictates of Federal Rule of Criminal Procedure 11, and concluded that Boricha's guilty plea was knowing and voluntary. Additionally, counsel fully explained, with citation to the record, the factual basis relied upon by the district court in accepting Boricha's plea.
 
 
 4
 Counsel suggests that Boricha could attack his conviction on the ground that he was entitled to copies of all of the discovery materials. A guilty plea "constitutes a waiver of all non-jurisdictional defects occurring prior to the plea." United States v. Adams, 125 F.3d 586, 588 (7th Cir.1997). But we have already concluded that a challenge to his guilty plea would be frivolous. Accordingly, an appeal of the discovery issue also would be frivolous.
 
 
 5
 Finally, Boricha could argue that his sentence is unlawful because the ten-year sentence is longer than the sentence he would have received under the guidelines. Although Boricha's sentencing range under the guidelines would have been 77-96 months, section 841(b)(1)(A) provides that a person, such as Boricha, convicted of distributing more than 100 grams of methamphetamine "shall be sentenced to a term of imprisonment which may not be less than ten years." Where a statutory minimum sentence conflicts with a sentence calculated under the guidelines, the statute controls. Neal v. United States, 516 U.S. 284, 294, 116 S.Ct. 763, 133 L.Ed.2d 709 (1996). Therefore, an appeal on this basis would be frivolous.
 
 
 6
 Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.