**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jack ERVAN III, Defendant–Appellant.**

No. 00–3347.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 2, 2001.

Decided Oct. 11, 2001.

Before POSNER, EASTERBROOK and EVANS, Circuit Judges.

ORDER

A jury found Jack Ervan and his associates guilty of conspiracy to distribute and possess with intent to distribute crack cocaine, 21 U.S.C. §§ 846 and 841(a)(1), and he was sentenced to 240 months' imprisonment and 3 years' supervised release. He appealed, but appointed counsel has moved to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We gave Ervan an opportunity to respond to counsel's motion pursuant to Circuit Rule 51(b), and he filed a brief response. Counsel's *Anders* brief is facially adequate, and thus we limit our review of the record to those potential issues counsel discusses. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). Because we agree that there are no non-frivolous issues for appeal, we grant coun-

sel's motion to withdraw and dismiss the appeal.

Counsel first considers whether Ervan could argue that the district court improperly sentenced him under the sentencing guidelines because its factual determinations as to drug quantity were not adequately supported by the evidence. We would review district court factual findings regarding drug quantity for clear error. *See United States v. Galbraith,* 200 F.3d 1006, 1011 (7th Cir.2000). When determining drug quantity, the guidelines require that a sentencing court include as relevant conduct all acts that were part of the same course of conduct or common scheme or plan as the offense of conviction, regardless of whether the defendant was convicted of the offenses pertaining to the additional amounts. *United States v. Watts,* 519 U.S. 148, 153, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997); *United States v. Acosta,* 85 F.3d 275, 281 (7th Cir.1996). And when the defendant was a member of a conspiracy, as is the case here, relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and ... all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(A)-(B). Relevant conduct for purposes of sentencing is not necessarily the same for every participant in the conspiracy. Thus the sentencing court must ask: (1) when the defendant joined the conspiracy; (2) whether the conduct considered for sentencing purposes was in furtherance of the jointly undertaken criminal activity; and (3) whether that conduct was reasonably foreseeable by the defendant. *United States v. Albarran,* 233 F.3d 972, 980 (7th Cir.2000); *United States v. Flores,* 5 F.3d 1070, 1083 (7th Cir.1993) ("Reasonable foreseeability refers to the scope of the agreement that [the defendant] entered into when he joined the conspiracy, not merely to the drugs he may have known about.").

Ervan's appeal was consolidated with that of another codefendant, Robert Flemister. Flemister raised a nearly identical argument that, as the companion order we issue today reflects, was wholly without merit. Similarly, Ervan's proposed argument would meet the same fate if brought on appeal. In this case the evidence at trial established that Ervan and his codefendants acted in furtherance of their conspiracy to possess and distribute more than 1.5 kilograms of crack. Ervan and several codefendants admitted in post-arrest confessions that they were members of Chicago's Black Disciples street gang and that they personally possessed, or saw others in the group with, amounts of crack ranging from a few grams to a half a kilogram at any given time. Specifically, Flemister told law enforcement officers in his post-arrest statement that he saw Ervan with four to five grams of crack at any one time, and Ervan himself admitted to police that he knew codefendant Tyrae Ford had been regularly traveling to Madison, Wisconsin, from Chicago with a half-kilogram of crack each time. Once the gang sold the crack (which according to Ervan took about five days), Ford would return to Chicago to obtain more. Moreover, several witnesses at trial confirmed the large amount of crack involved in the conspiracy. For example, Latashia Lightning saw Flemister holding onion-sized bags of crack. Other witnesses saw Ford cooking, packaging and selling crack, and testified that Ervan was with Ford constantly and was referred to as Ford's "little brother." Witnesses also saw Ervan in possession of several bags of crack packaged for sale. The sentencing court, relying on the PSR, held Ervan responsible for 1.5 kilograms of crack as relevant conduct. This amount was based

on the ample trial evidence discussed above. The sentencing court's determination would not be considered clearly erroneous, and any argument to the contrary would be frivolous.

█ Counsel next considers whether Ervan could argue that the district court erred in considering trial testimony for purposes of calculating the drug quantity at sentencing, since at the time of trial, *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) had not yet been decided and thus defense counsel had no incentive to cross-examine trial witnesses about drug quantity. And, as the argument would go, Ervan also had no right of confrontation at sentencing, and so he was deprived of all opportunity to challenge the drug quantity findings. Although counsel is correct that there is no Sixth Amendment right to confrontation at sentencing, the absence of such a right simply means that a sentencing court may consider "a wide range of information, including hearsay evidence, regardless of its admissibility at trial." *See United States v. Francis*, 39 F.3d 803, 809–10 (7th Cir. 1994). That there exists no constitutional right to confrontation, however, is not to say that a defendant cannot call witnesses at sentencing to rebut any hearsay evidence offered against him. *See id.* The federal rules allow for witness testimony at sentencing, *see* Fed.R.Crim.P. 32(c)(1), and the record does not indicate that counsel was prohibited from calling witnesses or that he even voiced a desire to do so. Thus, any argument that Ervan was denied the right to rebut the probation officer's recommended drug quantity calculation at sentencing would be frivolous.

█ Finally, Ervan's Rule 51(b) response proposes an added twist to the second potential issue discussed by coun-

sel. Ervan suggests that he could pursue a claim that trial counsel rendered ineffective assistance by failing to adequately cross-examine witnesses at trial. But ineffective-assistance claims generally are inappropriate on direct appeal because determination of the matter requires evidence that is outside the trial record. *United States v. Brooks*, 125 F.3d 484, 495 (7th Cir.1997). In this case resolving the claim would require examining evidence beyond the record, and thus Ervan would be better served by bringing it under 28 U.S.C. § 2255 if he desires. *United States v. Harris*, 230 F.3d 1054, 1059 (7th Cir.2000).

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS Ervan's appeal.