**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Richard D. RONNE, Defendant–
Appellant.**

**No. 00–4094.**

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 21, 2001.

Decided Nov. 21, 2001.

Before POSNER, MANION, and ROVNER, Circuit Judges.

## ORDER

 Richard Ronne was convicted after a jury trial of interstate transportation of fraudulently obtained securities, 18 U.S.C. § 2314, mail fraud, 18 U.S.C. § 1341, and wire fraud, 18 U.S.C. § 1343. The district court sentenced him to 51 months in prison on each of the nine counts of conviction, all to run concurrently, followed by three years of supervised release, and ordered him to pay $189,332 in restitution. Ronne filed a timely notice of appeal, but now his counsel seeks to withdraw because he considers all possible grounds for appeal frivolous. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In his response to counsel's motion, *see* Circuit Rule 51(b), Ronne advances two grounds for appeal not discussed by counsel. Because counsel's *Anders* brief is facially adequate, we limit our review of the record to those issues proposed in counsel's brief and in Ronne's response. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam). Upon review of the record and the potential issues identified in counsel's brief and in Ronne's response, we conclude that an appeal would be frivolous and we grant counsel's motion to withdraw and dismiss the appeal.

 Counsel first considers whether a statement by the judge during jury selection evidenced judicial bias or disposed the jury against Ronne. After advising the jury venire of the estimated length of the trial, the judge stated, "And all of us would rather be someplace else than here, maybe if you have jobs and you're key people for those jobs, but this is an experience that I think you will find interesting." Ronne did not object, move for a mistrial, or ask the judge to recuse himself following the statement, and as a result our review would be limited to plain error. *See United States v. Benitez,* 92 F.3d 528, 535 (7th Cir.1996); Fed.R.Crim.P. 52(b). The trial judge's statement is insufficient to support a challenge of judicial bias, however, because there is no basis in the record to conclude that the statement revealed an opinion that derives from an extrajudicial source, nor does the state-

ment reveal " 'such a high degree of favoritism or antagonism as to make fair judgment impossible.' " *In re Huntington Commons Assocs.,* 21 F.3d 157, 159 (7th Cir.1994) (quoting *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)); *see United States v. Robbins,* 197 F.3d 829, 848 (7th Cir.1999) (court's one-time "expression of displeasure" with counsel's questioning was not evidence of court's bias or hostility and did not prejudice defendant). Furthermore, Ronne could not show that this statement—even if considered erroneous—violated a substantial right because we would presume that the jury followed the judge's instruction not to draw any inferences from his comments or rulings during the trial. *See United States v. Reynolds,* 189 F.3d 521, 529 (7th Cir.1999). Accordingly, we conclude that any issue regarding the judge's statement would be frivolous.

Second, counsel speculates whether Ronne could challenge the trial court's failure to excuse for cause several jurors: one who recalled reading about the case in the newspaper, three who had been victims of crimes, and one who had a relative in law enforcement. Ronne never challenged any of these jurors for cause, however, so it would be futile for him to argue now that they should have been excluded. *See United States v. Verkuilen,* 690 F.2d 648, 658 (7th Cir.1982). In any event, because each of these jurors gave unequivocal assurances of their impartiality and their ability to reach a verdict based solely on the evidence at trial, we would not disturb the judge's decision to seat them on the jury. *See Thompson v. Altheimer & Gray,* 248 F.3d 621, 626 (7th Cir.2001).

Counsel next considers whether Ronne could press a non-frivolous issue regarding the prosecutor's closing-argument comments that the evidence showed that Ronne lied and made false promises to the investors whose money he solicited.

In reviewing allegations of improper prosecutorial comments, we look at the comments in isolation to determine if they were improper, and if so, whether, in light of the entire record, the comments deprived the defendant of a fair trial. *See United States v. Manjarrez,* 258 F.3d 618, 628–29 (7th Cir.2001). Again, because Ronne failed to make a contemporaneous objection to the prosecutor's comments, our review would be limited to plain error. *See Benitez,* 92 F.3d at 535. We agree with counsel that none of the prosecutor's statements was improper and that this argument would be frivolous. The charged offenses involved fraud, and therefore the references to Ronne's false promises and lies were consistent with the government's burden of proof. By objecting on the record, Ronne did preserve for review the issue of the prosecutor's comment during rebuttal argument that Ronne failed to call a witness defense counsel referred to in his opening statement. Any argument regarding this comment would be frivolous, however, because once defense counsel opened the door by mentioning the potential witness, the government properly pointed out that the defendant had the power to subpoena witnesses for trial. *See United States v. Aldaco,* 201 F.3d 979, 988–89 (7th Cir.2000).

Counsel also considers whether an appealable issue exists regarding the district court's decision to admit, over Ronne's objection, a certification by the Illinois Secretary of State that no record existed of any lien filed by Ronne, his companies or a meat processing company in which he allegedly invested the victims' money. The government introduced this evidence to show that, contrary to Ronne's representations, there was no recorded lien that could have been used as security for the victims' investments. This argument is frivolous, however, because the certification, which bore the Illinois seal, was a "self-authenticating document," Fed.

R. Ev. 902(1), and was admissible under Fed. R. Ev. 803(10) as proof of the absence of any public record of the alleged lien. *See United States v. Kimberlin,* 805 F.2d 210, 241 (7th Cir.1986).

█ Counsel next considers whether Ronne could raise a non-frivolous challenge to the sufficiency of the evidence supporting his convictions. In considering such a claim, we would review the evidence in the light most favorable to the government and would reverse only if the record is devoid of evidence from which the jury could find the defendant guilty. *See United States v. Taylor,* 226 F.3d 593, 596 (7th Cir.2000). The government's case against Ronne relied heavily on the testimony of 30 witnesses, including state officials, law enforcement personnel, and victims who received neither a return on, nor a return of, their investment in Ronne's schemes. Credibility determinations are within the province of the jury and will be reversed only under exceptional circumstances, none of which exist here. *See United States v. Williams,* 216 F.3d 611, 614 (7th Cir.2000). Here, the witnesses' testimony was corroborated by documentary evidence which showed that no "security" lien existed, that Ronne did not possess an investment broker's license for the states in which he solicited clients, and that he used investors' money for purposes other than what he represented. Accordingly, we conclude that any challenge to the sufficiency of the evidence would also be frivolous.

█ Finally, counsel evaluates whether Ronne could raise a non-frivolous challenge to his sentence, in particular the district court's two-level increase in Ronne's offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1. At sentencing the government provided seven examples of Ronne's perjurious trial testimony, from which the district court selected two as the basis for its finding that Ronne had obstructed justice by falsely testifying about material issues. The district court's determination is based on its finding that Ronne was not credible, a finding to which we would defer. *See United States v. White,* 240 F.3d 656, 660–61 (7th Cir.2001). Moreover, Ronne's 51-month prison terms were within the applicable 41- to 51-month guideline range, and, because the record reflects no error of law or misapplication of the guidelines, we lack jurisdiction to review any potential challenge to the district court's decision to sentence him to the highest possible sentence in that range. *See United States v. Jefferson,* 252 F.3d 937, 942–43 (7th Cir. 2001). Therefore, any argument regarding Ronne's sentence would be frivolous.

█ In his Rule 51(b) response, Ronne proposes two additional grounds for appeal. First, he contends that his counsel was ineffective in failing to call character witnesses whom Ronne had identified. We are reluctant to address ineffective assistance of counsel claims on direct appeal, particularly where the argument is presented in a cursory manner, *see Manjarrez,* 258 F.3d at 626 n. 4, because such claims require consideration of evidence outside the trial record and are more appropriately raised on a motion to vacate a sentence pursuant to 28 U.S.C. § 2255. *See United States v. Pergler,* 233 F.3d 1005, 1009 (7th Cir.2000). This is also true for Ronne's second argument, that the trial judge was biased because of a family relationship to an individual previously involved in separate civil litigation with Ronne. Thus, any argument on these two issues would be frivolous as well.

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS Ronne's appeal.