**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Antonio M. BARNES–SALAS,**
**Defendant–Appellant.**

**No. 01 CR 371.**

United States Court of Appeals,
Seventh Circuit.

Submitted April 18, 2002.

Decided April 18, 2002.

Before BAUER, KANNE, DIANE P. WOOD, Circuit Judges.

ORDER

In 2001 deported felon Antonio Barnes–Salas pleaded guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326(a),(b)(2). The district court sentenced Barnes–Salas to 70 months' imprisonment, three years' supervised release, and a $100 special assessment. His written plea agreement allows him to appeal only the validity of the plea itself or his sentence. Barnes–Salas filed a notice of appeal, but his attorney, finding no non-frivolous issues for appeal, has moved to withdraw in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate and Barnes–Salas has not responded, although he was given the opportunity to do so. *See* Cir. R. 51(b). Therefore, we confine our review to those potential issues identified in counsel's brief. *See United States v. Tabb,* 125 F.3d 583 (7th Cir.1997) (per curiam).

Counsel first evaluates whether Barnes–Salas could argue that his plea was not knowing and voluntary. Barnes–

Salas did not move to withdraw his plea, so we would review this argument for plain error. *See United States v. Vonn,* —— U.S. ——, 122 S.Ct. 1043, 1048, 152 L.Ed.2d 90 (2002). As counsel notes, the district court carefully followed the requirements of Federal Rule of Criminal Procedure 11 in conducting the plea colloquy. The district court ensured that Barnes–Salas understood the charge against him, the rights he was waiving by pleading guilty, and the minimum and maximum possible penalties. *See* Fed. R.Crim.P. 11(c). Because Barnes–Salas does not speak English, the district court also verified that the plea agreement had been read to him in his native Spanish by an interpreter. The district court then thoroughly explained the application of the sentencing guidelines and elicited from the government the factual basis of the offense, which Barnes–Salas confirmed was accurate. *See id.* Therefore, we agree with counsel that any argument that Barnes–Salas' plea was not knowing and voluntary would be frivolous.

Next, counsel considers whether Barnes–Salas could raise any challenge to his sentence. First, counsel correctly notes that Barnes–Salas' 70–month prison term is within the applicable guideline range and well below the 20–year maximum sentence prescribed for reentering the country as an aggravated felon. *See* 8 U.S.C. § 1326(b)(2).

■ Counsel then evaluates whether Barnes–Salas could base an appeal on the only objection that he made at sentencing—namely, that he should not receive the three criminal history points recommended by the probation officer for a prior aggravated criminal sexual abuse conviction. Counsel notes, however, that Barnes–Salas successfully persuaded the district court that the conviction was related to a second aggravated criminal sexual abuse conviction and that these state convictions should be counted only as one conviction for purposes of calculating his criminal history. *See* U.S.S.G. § 4A1.2(a)(2). Because Barnes–Salas did not raise any further objections at sentencing and explicitly approved the remainder of the sentencing calculations in his plea agreement, he has waived any other challenge to the sentencing calculations. *See United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000). Thus, any potential appeal of his sentence would likewise be frivolous.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.