**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Randall E. YOUHAS, Defendant–Appellant.**

No. 01–3931.

United States Court of Appeals, Seventh Circuit.

Submitted April 1, 2003.

Decided April 1, 2003.

Before FAIRCHILD, BAUER, and KANNE, Circuit Judges.

ORDER

Randall E. Youhas was convicted by a jury of being a felon in possession of explosives, firearms, and ammunition in violation of 18 U.S.C. §§ 842(i)(1) and 922(g)(1) and was sentenced to 15 months' imprisonment. Youhas appeals, and his counsel moves to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to discern any nonfrivolous argument for appeal. Counsel's brief is facially adequate and Youhas has not responded, although he was given opportunity to do so. *See* Cir. R. 51(b). We accordingly confine our review to the potential issues discussed in counsel's brief and the related portions of the record. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam). For the reasons set forth below, we grant counsel's motion to withdraw and dismiss this appeal.

In January 1996 Hillside, Illinois police went to the Youhases' home after receiving report of a break-in. They spoke to Youhas's wife, who was standing on the driveway, and then entered the house to check if the offender remained inside. Officers saw gun boxes and long-gun cases strewn around the house, and in a doorless bedroom closet they discovered both ammunition and a pried-open gun safe. In the basement they found several explosives, including firecrackers, a "quarter stick" (essentially a large firecracker), and a spool of Primacord – an explosive-impregnated cord used for detonating other explosive devices. Without removing any of the items, the officers left the house to speak to Mrs. Youhas to try to determine if any guns had been stolen. She called her husband, who was out of town, and he provided Officer Lee Wollenberg with information about the guns that should be in the house. Mr. Youhas permitted Wollenberg to reenter the house to check the gun boxes to determine which firearms, if any, were missing. Wollenberg retrieved all the explosives, took them to the Hillside police station, and informed the ATF about them.

Later in January ATF agents executed a search warrant on the Youhases' house. Youhas showed agents where various firearms and ammunition had been stashed, including under the bed mattress and in a bedroom closet and dresser. He also told the agents that other weapons had been taken to his father's home for safekeeping. In May agents recovered those weapons after executing a warrant on the father's home.

Youhas was subsequently indicted for being a felon in possession of firearms, explosives, and ammunition. He filed a motion to suppress the guns, bullets, and explosives discovered at his house, asserting that the police officers, at the time they were investigating the break-in, had re-entered his home after their initial search for a burglar without a warrant in violation of the Fourth Amendment. At a hearing on the motion, Wollenberg testified that Youhas gave him permission during their telephone conversation to reenter the house and check if any of the guns were missing. Youhas and his wife testified that they never gave the officers permission to enter the house or to search for guns, ammunition, or explosives. The district judge denied the motion, noting that he credited Wollenberg's testimony over the Youhases'. After a jury trial Youhas was found guilty of being a felon in possession of firearms, explosives, and ammunition.

■ Counsel identifies two bases on which Youhas could potentially challenge his conviction. He first examines whether Youhas could assert that the district court erroneously denied the motion to suppress, but concludes that the district court did not err by finding that the search was consensual. We agree with counsel that this argument would be frivolous. At the hearing, the district court considered conflicting testimony about the consensual nature of the search, and credited Wollenberg's testimony. Although Youhas may disagree with the district court's determination, a factfinder's choice between two permissible views of the evidence cannot constitute clear error. *Anderson v. Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Given Wollenberg's testimony, the court reasonably concluded that the Youhases consented to the search of their home and that no basis existed to suppress the evidence. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 222, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) (warrantless search conducted with consent constitutionally permissible); *United States v. Melgar*, 227 F.3d 1038, 1041 (7th

Cir.2000) (Fourth Amendment not applicable when consent given to search).

Counsel also considers whether Youhas could challenge the sufficiency of the evidence presented at trial because the government did not prove that Youhas actually possessed any of the weapons found at his house. This argument is also frivolous. Youhas waived his challenge to the sufficiency of the evidence because he did not present a timely motion for a judgment of acquittal after the jury verdict–he filed his motion on June 19, 2000, well after the seven-day period prescribed by Federal Rule of Criminal Procedure 29 and therefore could obtain a reversal only if he demonstrated "a manifest miscarriage of justice." *See* Fed.R.Crim.P. 29(c)(1); *United States v. Taylor*, 226 F.3d 593, 596 (7th Cir.2000).

■ Youhas would face an insurmountable hurdle in challenging the sufficiency of the evidence. We would review the evidence in a light most favorable to the government and would reverse only if the record is devoid of any evidence from which the jury could find him guilty. *United States v. Tadros*, 310 F.3d 999, 1005–06 (7th Cir.2002); *United States v. Griffin*, 310 F.3d 1017, 1021–22 (7th Cir. 2002). Here the parties stipulated that Youhas was a felon and that the munitions had traveled in interstate commerce, so we would need to determine only if the jury correctly determined that he possessed those items. *See* 18 U.S.C. §§ 842(i)(1) and 922(g). Such possession can be either actual or constructive, *United States v. Smallwood*, 188 F.3d 905, 913 (7th Cir. 1999), and constructive possession is proved when a weapon is seized at the defendant's residence. *United States v. Alanis*, 265 F.3d 576, 592 (7th Cir.2001), *cert. denied*, 535 U.S. 1095, 122 S.Ct. 2289, 152 L.Ed.2d 1049 (2002). Uncontradicted evidence presented by the government established that the ammunition, firearms, and explosive rope were seized from Youhas's home, and this evidence adequately established his knowing possession of those items. *Id.*

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Youhas's appeal.