**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joel OTERO, Defendant–Appellant.**

No. 03–1810.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 6, 2004.

Decided Feb. 9, 2004.

James P. Fleissner, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Joel Otero, pro se, Manchester, KY, for Defendant–Appellant.

Before BAUER, COFFEY and ROVNER, Circuit Judges.

**ORDER**

Joel Otero pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1). The district court sentenced him to 121 months of imprisonment, 3 years of supervised release, and a $100 assessment. Otero filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to find a non-frivolous issue for appeal. Pursuant to Circuit Rule 51(b), we invited Otero to file a response to counsel's motion, but he declined to do so. We limit our review of the record to the potential issues identified in counsel's facially adequate *Anders* brief. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). We agree with counsel that an appeal based on these potential issues would be frivolous and therefore grant the motion to withdraw and dismiss Otero's appeal.

Between August and October 2001 Otero participated in a drug conspiracy with several other individuals. He acted as a drug courier, picking up wholesale quantities of cocaine from several coconspirators and delivering the drugs to Eleodoro Diaz, another coconspirator. On October 29 at the request of Diaz, Otero drove to a garage and met two other coconspirators, helped load approximately 19 kilograms of cocaine into a secret compartment in the car he was driving, and left to deliver it to Diaz. He was pulled over and arrested, and a search of the car later revealed the cocaine. Otero pleaded guilty pursuant to

an agreement and proceeded to sentencing.

■ His counsel first considers arguing that Otero should have received a reduction in his offense level because he was a minor participant in the offense. *See* U.S.S.G § 3B1.2(b). A defendant's role in the offense is a factual finding that we would review only for clear error. *United States v. Ward*, 144 F.3d 1024, 1035 (7th Cir.1998). A minor participant in an offense is someone who is "substantially less culpable than the average participant." *United States v. Corral*, 324 F.3d 866, 874 (7th Cir.2003). At sentencing the district court determined that Otero was not a minor participant but rather "a fairly important cog in the wheel." Because Otoro was entrusted with a large amount of cocaine, *see id.*, and because he participated in loading the cocaine into the secret compartment of his vehicle, *see United States v. Carillo*, 269 F.3d 761, 771 (7th Cir.2001), we agree with counsel that it would be frivolous to argue that the district court clearly erred in concluding that Otero was not a minor participant.

■ Counsel also considers arguing that Otero was entitled to a downward departure based on his status as a deportable alien. U.S.S.G. § 5K2.0 (limited authorization for district court to depart on grounds not listed in the guidelines); *United States v. Farouil*, 124 F.3d 838, 847 (7th Cir. 1997). If the district court judge recognized that he had the discretion to depart, we would lack jurisdiction to review his exercise of that discretion. *United States v. Johnson*, 289 F.3d 1034, 1043 (7th Cir. 2002). In this case the court said: "[Y]ou have to look at each person individually.... In this case Mr. Otero's family is in Mexico. He really has no contact here at all.... And I'm just not inclined to grant that departure in this particular case." The court recognized its ability to grant a departure but decided that a sentence below the guideline minimum was not warranted, so we would lack jurisdiction to consider this issue any further on appeal.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.