**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Terry MASON, Defendant–Appellant.**

**No. 03–3781.**

United States Court of Appeals, Seventh Circuit.

Submitted June 24, 2004.

Decided June 24, 2004.

K. Tate Chambers, Office of the United States Attorney, Peoria, IL, for Plaintiff–Appellee.

Terry Mason, Terre Haute, IN, pro se.

Before CUDAHY, POSNER, and WILLIAMS, Circuit Judges.

### ORDER

Terry Mason pleaded guilty pursuant to a written plea agreement to one count of conspiracy to manufacture more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1). Before sentencing, the government alerted Mason and the district court to the existence of what it contended were three prior felony drug convictions, triggering mandatory life imprisonment under § 841(b)(1)(A). Specifically, in 1984 Mason had been convicted in Illinois of two counts of unlawful deliv-

ery of marijuana, see 720 ILCS 550/5, for which he served two years of probation. The marijuana convictions were then discharged under a first-offender provision of Illinois' Cannabis Control Act, see 720 ILCS 550/10, which provides that a discharge and dismissal after a sentence of probation "is not a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime," id. at 550/10(g). Mason also had one felony conviction for possessing methamphetamine chemicals. See 720 ILCS 570/401. Based on these convictions, the district court sentenced Mason to life imprisonment followed (if necessary) by 10 years of supervised release, and imposed a $100 special assessment. Mason appeals, but his appointed counsel moves to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), representing that Mason's appeal is frivolous. Counsel's brief is facially adequate, so we limit our review to the potential issue identified in the brief. See United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997) (per curiam). We have also reviewed Mason's response filed under Circuit Rule 51(b), but it does not propose any additional issues.

As counsel notes, in his plea agreement Mason waived his right to appeal his conviction or sentence (if within the statutory limits) on any ground save one: he reserved only the right to argue on appeal that his prior Illinois convictions could not be used to enhance his sentence under § 841(b)(1)(A). Accordingly, counsel identifies one potential argument that Mason could make: because Mason's two felony marijuana convictions were ultimately discharged, they are not prior "convictions" that may be used to enhance Mason's sentence. But this argument would be frivolous because we have previously held that federal rather than state law defines what

constitutes a conviction for purposes of the indistinguishable (for Mason's purposes) enhancement under § 841(b)(1)(B). *See United States v. Gomez,* 24 F.3d 924, 930 (7th Cir.1994). Thus, the fact that Illinois may have discharged Mason's felony marijuana convictions is irrelevant to whether they operate as "prior felony drug offenses" under § 841(b)(1)(A). *See United States v. Graham,* 315 F.3d 777, 783 (7th Cir.2003); *Gomez,* 24 F.3d at 930; *see also Dickerson v. New Banner Inst., Inc.,* 460 U.S. 103, 115, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983) ("[E]xpunction [under state law] does not alter the legality of the previous conviction and does not signify that the defendant was innocent of the crime to which he pleaded guilty.").

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal. We also DENY Mason's motion "for the request of court records and trial transcripts" without prejudice to renewal in the district court. Mason explains that he wants the record to prepare a collateral attack under 28 U.S.C. § 2255. As such, the motion should be directed to the district court, where the record will be returned shortly. We remind Mason, however, that in his plea agreement he expressly waived his right to file a § 2255 motion.