UNITED STATES of America,
Plaintiff–Appellee,

v.

Brian L. HINES a/k/a Imam ABU
Muhammad, Defendant–
Appellant.

No. 04–1678.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 31, 2004.

Decided Sept. 1, 2004.

Timothy A. Bass, Office of the United States Attorney Urbana Division, Urbana, IL, Plaintiff–Appellee.

Tiffani D. Johnson, Office of the Federal Public Defender, Urbana, IL, Defendant–Appellant.

Before BAUER, EASTERBROOK, and ROVNER, Circuit Judges.

## ORDER

In October 1999 Brian Hines was convicted of one count of possession of a firearm by a felon, *see* 18 U.S.C. § 922(g)(1), and was, sentenced to 51 months of incarceration followed by three years of supervised release. He began serving his term of supervised release in October 2001, but in December 2003 the government petitioned to revoke it, alleging that Hines had left the United States and reentered with a false birth certificate and false driver's license in violation of the conditions of his release that he not commit another crime and not leave the district of supervision without authorization. In January 2004 the government filed a supplemental petition, alleging in addition that Hines possessed a hatchet in violation of the condi-

tion that he not possess a dangerous weapon, and that he possessed fraudulent identification documents and access devices in violation of the condition that he not commit another crime. The district court held a hearing and, after concluding that Hines had left the country without permission and then possessed false identification and made false statements to immigration authorities when he returned, revoked Hines's supervision. The court held a separate sentencing hearing and supplemented its initial findings to conclude that Hines had committed all of the violations alleged by the government in its two petitions. Hines filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because she is unable to find a nonfrivolous issue for appeal. Pursuant to Circuit Rule 51(b), Hines was invited to respond to his counsel's motion to withdraw, but he did not respond. We limit our review of the record to the potential issues identified in counsel's facially adequate brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). Because we agree with counsel that an appeal based on the potential issues she identifies would be frivolous, we grant the motion to withdraw and dismiss the appeal.

This case arose when Hines was stopped at the border trying to enter the State of New York from Canada. He identified himself as Huthaifa Abdul–Hakeem and offered an Ohio driver's license to support his identity. After conducting a fingerprint check, agents determined Hines's real identity and discovered that he was on supervised release. They released Hines and notified his probation officer. The district court issued a warrant for Hines's arrest, and when agents went to his home to execute the warrant, Hines consented to a search of his vehicle. In Hines's truck the officers found a metal hatchet, several

identification cards bearing a false name, an embossing device that reads "Seal of Cook County of Illinois," and a notary public ink stamp bearing the name of Mark Fisher of Mecklenburg County, North Carolina.

The district court held a hearing and ultimately determined that Hines had entered the United States with false identification, possessed additional false identification documents with the intent to defraud, and possessed access devices with the intent to defraud, which the district court considered to be Grade B violations of supervised release. *See* U.S.S.G. § 7B1.1. The court also concluded that Hines had left the district of his supervision without authorization and possessed a dangerous weapon, both Grade C violations of supervised release. *See id.* After the revocation hearing, a probation officer prepared a sentencing report and concluded that, because Hines had committed a Grade B violation and fell within a criminal history category of three, the guidelines suggested a sentencing range of 8 to 14 months. The probation officer recommended, however, that the court instead impose two years of imprisonment—the maximum term of imprisonment allowed by statute. *See* 18 U.S.C. § 3583(e)(3) (two-year statutory maximum sentence following revocation of supervised release imposed for a Class B felony); *id.* § 3559(a)(3) (offenses punishable by 10 to 25 years are class B felonies); *id.* § 924(a)(2) (violations of § 922(g) are punishable by up to 10 years). The district court followed the recommendation of the probation officer and sentenced Hines to two years of imprisonment.

■ In her *Anders* brief, counsel first considers whether Hines might challenge the court's determination that he violated

his conditions of supervised release. Upon finding one Grade B violation by a preponderance of the evidence, the judge was required to revoke Hines's release, *see* 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.3(a)(1) (making revocation mandatory for Grade B violations); *United States v. Wright*, 92 F.3d 502, 504 (7th Cir.1996) (stating preponderance of evidence standard), so we need only consider whether there was sufficient evidence of one Grade B violation. In this case the district court heard testimony from a probation officer who had received a report from an agent of the Bureau of Immigration and Customs Enforcement that Hines attempted to enter the United States from Canada using a false birth certificate and false driver's license. Based on this hearsay testimony, *see United States v. Pratt*, 52 F.3d 671, 675 (7th Cir.1995) (use of hearsay testimony is permissible at revocation hearing), the district court concluded at the end of the revocation hearing that Hines was "in possession of false identification" and "made false statements to immigration authorities" when he entered the United States from Canada. Counsel notes that as a condition of his supervised release Hines was prohibited from violating the laws of the United States. Counsel further observes that it is a federal crime to possess a false identification document with the intent to defraud the United States. *See* 18 U.S.C. § 1028(a)(4) (unlawful to knowingly possess false identification document with intent that it be used to defraud United States); *United States v. Bernard*, 373 F.3d 339, 340 (3d Cir.2004). Furthermore, because that offense is punishable by a term of imprisonment exceeding one year, it is a Grade B violation of supervised release. *See* 18 U.S.C. § 1028(a)(4), (b)(1); U.S.S.G. § 7B1.1(a)(2). We note also that it is a violation of federal law to make a materially false statement in any matter within the jurisdiction of the executive branch, and that offense is punishable by five years of imprisonment. *See* 18 U.S.C. § 1001(a)(2). We agree with counsel that it would be frivolous to argue that the district court erred in concluding that Hines committed a Grade B violation of his supervised release.

■ Counsel also considers arguing that the district court abused its discretion in failing to notify Hines of its intention to sentence him above the range recommended in the sentencing guidelines. As counsel correctly notes, however, courts are not bound to impose a sentence within the guideline ranges for violations of supervised release. *See* U.S.S.G. Ch. 7 Pt. A(1); *United States v. Marvin*, 135 F.3d 1129, 1136–37 (7th Cir.1998). Judges may impose the maximum term of imprisonment allowed by statute. Based on Hines's conduct, the statutory maximum in this case was two years. *See* 18 U.S.C. § 3583(e)(3) (two-year statutory maximum sentence following revocation of supervised release imposed for a Class B felony). We agree with counsel that it would be frivolous to argue that the court erred in imposing the maximum sentence allowed by statute or that the court was required to give Hines notice before deciding to impose a two-year sentence.

Counsel next considers arguing that the district court erred by limiting argument at the revocation hearing to matters that affected the court's decision to revoke Hines's supervised release. Specifically, at the revocation hearing when Hines's counsel began to discuss whether the hatchet found in Hines's car qualified as a dangerous weapon and whether there was sufficient evidence that Hines intended to defraud anyone with the identification cards and access devices found in his possession, the district court said that it would not be basing its decision to revoke Hines's supervision on these matters. The court

concluded the hearing and made a finding that Hines had violated the conditions of his supervised release by leaving the country without permission from the court and had possessed false identification documents and made false statements to immigration officials upon returning. Because there was evidence that Hines had committed a Grade B violation of supervised release by entering the United States with the false birth certificate, the court was correct that the hatchet and Hines's intentions about the additional identification documents were irrelevant to the decision to revoke Hines's release. But when at the later sentencing hearing the court determined that these matters were relevant to Hines's sentence, the court gave Hines an opportunity to discuss the evidence. Hines did not take that opportunity, and now counsel correctly notes that it would be frivolous to argue that Hines did not have an adequate opportunity to challenge the government's evidence.

Counsel finally considers arguing that the district court relied on inaccurate information when deciding to give Hines a two-year term of imprisonment. Specifically, when explaining why he was giving Hines the maximum term of imprisonment allowed by the statute, the judge said:

> Why am I doing this? You know Mr. Muhammad, I wanted to believe in you from the very first time I saw you and hoped that you might change your conduct. But, as the reporting probation officer observes in his report to me, that you do not appear, you have a criminal history approaching 15 years of criminal activity, and you don't appear to be losing any vigor in regards to your criminal activity, witness: you were found in possession of these fraudulent documents and materials from which you could create further fraudulent documents.

> You bought an automobile under a fraudulent name, financed it through a bank. I heard all of that testimony. You have been consistently, consistently involved in criminal activity while you have been on supervised release.

(Tr. of Sentencing Hear'g at 40). There was no evidence, however, that Hines bought an automobile under a fraudulent name or financed it though a bank. But there is also no evidence in the record to prove that this information was inaccurate. Counsel did not object at the sentencing hearing and make a record on this issue. If counsel was ineffective for failing to object, Hines would need to raise that argument in a collateral proceeding under 28 U.S.C. § 2255, in which he can develop the record. Furthermore, Hines would also be unable to prove that the judge relied on the allegedly mistaken information. Reading the judge's comments in context, it appears that the district court was expressing a general concern that Hines had continued his illegal behavior while on supervised release, not a specific concern about any illegal conduct with respect to the vehicle. And although there is no evidence in the record to suggest that Hines bought an automobile under a fraudulent name, there was evidence that Hines had continued his illegal activities by possessing fraudulent identification documents and devices that he could use to make additional fraudulent documents. So we agree with counsel that it would be frivolous to argue that the judge based his decision on inaccurate information.

Accordingly we GRANT counsel's motion to withdraw and DISMISS the appeal.