**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 14, 2006
Decided July 27, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Nos. 05-2599

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>WILLIAM C. HORSHAW,<br>    *Defendant-Appellant.* | Appeal from the United States<br>District Court for the Northern<br>District of Indiana, Fort Wayne<br>Division<br><br>No. 2:01 CR 185(4) TLS<br><br>Theresa L. Springmann,<br>*Judge.* |

**O R D E R**

William Horshaw pleaded guilty to two counts of using a telephone to facilitate the commission of a felony drug offense. *See* 21 U.S.C. § 843(b).  He was sentenced to the statutory maximum of 96 months' imprisonment.  His appointed counsel moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), contending that there are no non-frivolous issues for appeal.  Since counsel's brief is facially adequate, we limit our inquiry to the issues raised there and in Horshaw's response under Circuit Rule 51(b).  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Counsel first notes that Horshaw has not expressed a desire to withdraw his guilty plea based on an argument of involuntariness.  In fact, in his Rule 51(b) submission, Horshaw says, "I have no desire to have my conviction set aside," and that he is "only asking the court to rule on an unreasonable sentence."  Any

consideration of the voluntariness of his guilty plea would therefore be inappropriate. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

The sentencing arguments that Horshaw raises as potential issues for an appeal are frivolous. He received two terms of four years each, the statutory maximum sentence, which was the sentence that was contemplated in his plea agreement and at his plea hearing. Nevertheless, Horshaw contends that he should not have been charged and sentenced for two counts of using a phone to commit a felony drug offense because "[t]he calls were only 3 min[ute]s apart and therefore, I could only receive time for the one offense." But this ignores the plain language of the statute, which states, "Each separate use of a communication facility shall be a separate offense under this subsection." 21 U.S.C. § 843(b). Horshaw also argues that he wrongfully "received punishment past the statutory maximum." But this simply is not so. He was given the statutory maximum term and no more for each violation. Horshaw should count himself lucky, for his sentencing guideline range was 135 to 168 months; the statutory maximum prevented his sentence from being even higher.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.