

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-1-2008

# USA v. Cuartas

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4568

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Cuartas" (2008). *2008 Decisions.* Paper 926.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/926

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-4568

———

UNITED STATES OF AMERICA

v.

ADRIANA CUARTAS,
                              Appellant

———

On Appeal from the United States District Court
for the District Court of New Jersey
(D.C. Crim. No. 04-cr-00609-2)
District Judge:  Hon. Dickinson R. Debevoise

———

Submitted Under Third Circuit LAR 34.1(a)
June 27, 2008

Before: SLOVITER, BARRY and ROTH, Circuit Judges

Filed July 1, 2008

———

OPINION

SLOVITER, Circuit Judge.

Adriana Cuartas, who was convicted by a jury of conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, and sentenced to the statutory mandatory minimum sentence of 120 months imprisonment, see 21 U.S.C. § 841(b)(1)(A), appeals both her conviction and sentence.[1]  Her counsel, who filed a timely appeal, filed a motion to withdraw as counsel and a brief in support of that motion pursuant to Anders v. California, 386 U.S. 738, 744 (1967).  Under Anders, if, after review of the district court record and a conscientious investigation, counsel is convinced that the appeal presents no issue of arguable merit, counsel may properly ask to withdraw while filing a brief referring to anything in the record that might arguably support the appeal.  Id. at 741-42, 744.  To satisfy the Anders requirements, appellant's counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and then "explain why the issues are frivolous."  United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000) (citing United States v. Tabb, 125 F.3d 583, 585-86 (7th Cir. 1997)).  "The Court's inquiry when counsel submits an Anders brief is thus twofold: (1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."  United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).

_____

[1]  The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction to review this matter pursuant to 28 U.S.C. § 1291.

2

# I.

In August 2004, the United States Customs Service learned of a plan to smuggle approximately two kilograms of heroin from Bogota, Colombia to this country. After seizing the shipment, Customs used information learned in connection with the seizure to set up a controlled delivery of sham heroin to the intended recipients in the United States. On behalf of the government, a confidential informant ("CI") called a New York telephone number retrieved during the seizure and spoke with co-conspirator Elizabeth Olaya, employing a password associated with the smuggling operation. Later that day, the CI received a call from Cuartas and the two discussed arrangements for the meeting. Cuartas spoke with the CI a number of times in the following days and attempted to change the meeting place from Newark, New Jersey to Queens, New York, which she said would be less "complicated," App. at 30, and "safer," App. at 33. Ultimately, however, they agreed to meet at a hotel diner near the Newark Airport.

On the agreed-upon day, law enforcement agents witnessed Cuartas and Olaya enter the diner and make contact with the CI. The three then exited the diner and walked to their respective cars, with Olaya entering the passenger side of a car driven by Cuartas. Cuartas pulled up alongside the CI's car, at which point Olaya exited the vehicle with a bag containing $10,000 and met the CI at his car. After Olaya exchanged the money for the sham heroin retrieved from the CI's trunk, law enforcement agents arrested Olaya and Cuartas. Cuartas and Olaya were subsequently detained and questioned by federal agents

3

and charged with conspiracy to distribute heroin.

Cuartas filed pre-trial motions to suppress the monitored tape recordings of her telephone conversations with the CI and certain post-arrest statements that she made while in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") at Newark Airport following her arrest. The District Court held a two-day evidentiary hearing on the motions to suppress, and then made extensive findings of fact on the credibility of the witnesses, including Cuartas, who testified at the hearing and submitted an affidavit in support of the motion to suppress her statements. The District Court found "that Cuartas received her rights and signed the waiver of rights form in advance of the agents questioning of her . . . and that the timing and method of the delivery of the rights and obtaining her signature took place as described by" one of the agents. App. at 63. The District Court also refused to suppress the recorded conversations, finding that Cuartas' arguments went to the weight of the evidence, rather than its admissibility.

During jury selection, the government used one of its peremptory strikes on a prospective juror of ostensibly Hispanic origin named Pia Garcia. Shortly after the District Court had dismissed Garcia, defense counsel raised "a potential Batson challenge" to the strike and requested that the government state on the record its basis for excusing her. App. at 78. The government explained that one of its key trial witnesses had been convicted of shoplifting on several occasions and that it was concerned that

4

Garcia, who managed a store and was married to a store manager, may have been biased against the witness on that basis. The District Court concluded that this was "[p]retty thin," but "a legitimate reason" nonetheless, App. at 79, and defense counsel "accept[ed] the [government's] representation" that the shoplifting convictions would have been elicited at trial, App. at 80.

Cuartas testified in her own defense at trial, denying that she was involved in the narcotics transaction or that she made any incriminating statements after being arrested. The jury reached a guilty verdict and affirmatively answered a special interrogatory regarding whether the government had proved that the conspiracy involved one kilogram or more of heroin. According to the PSR, Cuartas faced a Sentencing Guidelines range of 151-188 months imprisonment. The District Court declined to apply the suggested aggravating role adjustment, thereby reducing Cuartas' Guidelines range to 121-151 months, but the Court declined to apply a mitigating role adjustment or to grant a downward departure based on diminished capacity, mental and emotional condition, or family ties and responsibilities. The District Court then applied the sentencing procedure set forth in United States v. Booker, 543 U.S. 220 (2005), and imposed a non-Guidelines sentence of 120 months imprisonment, the statutory mandatory minimum for her offense.

After the appeal was filed, Cuartas was advised of her right to file a pro se brief in this court in light of her counsel's Anders brief. Although she did not do so, she filed a letter with the court requesting new counsel, stating that she has "definitely broken the

law," but persisting that she had not been given her <u>Miranda</u> rights, that she did not "suspect anything under-handed was going on," and that her sentence was not "fair or appropriate." Letter from Adriana Cuartas to Clerk of the Court, United States Court of Appeals for the Third Circuit (June 12, 2007). We have reviewed the court record to determine whether the appeal is "wholly frivolous," <u>see</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), and agree with counsel that it is.

## II.

Cuartas' attorney has fulfilled his duty under <u>Anders</u>. He addressed potential appealable issues at each stage of the proceedings — pre-trial motions, trial, and sentencing — and found no non-frivolous issues. We have also reviewed each stage of the proceedings and find no non-frivolous issues for appeal.

After hearing the testimony of Cuartas, Olaya, and several law enforcement agents over the course of a two-day evidentiary hearing, the District Court found, as a matter of fact, that law enforcement agents issued pursuant to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), warnings to Cuartas before taking her statement and that Cuartas was inconsistent about whether she had made admissions to the law enforcement officers after having been given her rights. The District Court's factual findings, which were based on witness credibility and Cuartas' inconsistent statements, are reversible only if they are clearly erroneous. <u>United States v. Pruden</u>, 398 F.3d 241, 245 (3d Cir. 2005). We find no non-frivolous argument that the District Court clearly erred.

6

In the Anders brief, defense counsel noted that he had asserted a challenge pursuant to Batson v. Kentucky, 476 U.S. 79 (1986), during jury selection. The District Court inquired into the government's reason for asserting its peremptory strike with respect to Garcia and concluded that the reason was "legitimate." App. at 79. We must give "great deference" to the District Court's findings. Batson, 476 U.S. at 98 n.21. Having reviewed the record, any argument that this conclusion was clearly erroneous would be frivolous.

Any challenge to the sufficiency of the evidence would be frivolous in light of the evidence introduced at trial. "Our review of the sufficiency of the evidence after a conviction is 'highly deferential.'" United States v. Hart, 273 F.3d 363, 371 (3d Cir. 2001) (quoting United States v. Helbling, 209 F.3d 226, 238 (3d Cir. 2000)). The testimony introduced at trial included that of government witnesses, law enforcement agents, co-conspirator Olaya, Cuartas' post-arrest statements, and audiotapes of Cuartas' conversations with the CI. In addition, Cuartas testified in her own defense, providing the jury an opportunity to assess her own credibility on the issue of intent. Under these circumstances, any challenge to the sufficiency of the evidence would be frivolous.

Finally, we note that the jury expressly found that the conspiracy involved one kilogram or more of heroin, and thus Cuartas was subject to a ten-year mandatory minimum sentence. See 21 U.S.C. § 841(b)(1)(A). Because Cuartas received the lowest possible sentence, no non-frivolous issues could be raised on appeal with respect to her

7

sentence.

## III.

Because we agree that there are no non-frivolous issues for Cuartas' appeal, we will affirm the judgment of conviction and sentence. We will grant counsel's motion to withdraw and deny Cuartas' motion to appoint new counsel.