**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joseph V. ATCHISON, Defendant–**
**Appellant.**

No. 02–4067.

United States Court of Appeals,
Seventh Circuit.

Submitted April 28, 2003.

Decided April 28, 2003.

Before FAIRCHILD, BAUER, and KANNE, Circuit Judges.

## ORDER

Joseph Atchison pleaded guilty to possession with intent to distribute 5 or more grams of methamphetamine, 21 U.S.C. § 841(a)(1), carrying a firearm during and in relation to a drug-trafficking crime, 18 U.S.C. § 924(c), and possessing a handgun as a user of unlawful controlled substances, *id.* § 922(g)(3). In his plea agreement Atchison reserved the right to appeal the denial of his motion to suppress the evidence that led to the charges. Fed. R.Crim.P. 11(a)(2). The district court imposed concurrent terms of 66 months' imprisonment on the first and third counts and a 60–month, mandatory consecutive term on the second count. Atchison filed a notice of appeal, but his lawyer now moves to withdraw because he believes that all grounds for appeal would be frivolous. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, and Atchison has responded under Circuit Rule 51(b), so we confine our attention to the potential issue identified both by counsel and Atchison. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel and Atchison consider one possibility: whether it would be frivolous to argue that the district court improperly denied the motion to suppress. In reviewing the district court's ruling, we would examine questions of law de novo and the district court's findings of fact for clear error. *Ornelas v. United States,* 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *United States v. Yang,* 286 F.3d 940, 944 (7th Cir.2002).

■ The district court denied the motion after an evidentiary hearing at which Atchison and Patrolman James Anderson of the Elkhart, Indiana, police department testified. Patrolman Anderson explained that on April 22, 2002, he was dispatched to a middle-class neighborhood in Elkhart to investigate a suspicious man who had red hair and a green coat and was carrying some bags. Atchison fit the description, so Anderson stopped his police cruiser and asked him if he would mind coming over to talk. Atchison agreed, and Anderson began by asking for identification, which Atchison did not have.

At that point Anderson activated an audiovisual recorder in his cruiser by pushing a remote switch located on his belt. The tape begins with Atchison saying that he did not have any identification. It then shows Anderson asking for Atchison's name, birth date, and social security number. Atchison answered these questions, and Anderson called the name in over the radio. Just over a minute later, the dispatcher radioed back that an outstanding warrant might exist under Atchison's name. Anderson responded by relaying Atchison's birth date and social security number and by continuing to ask Atchison questions (along with a detective who had arrived on the scene). Just over two minutes later Atchison asked if he could leave, to which Anderson responded, "Not just

yet." Another minute of conversation ensued, and the dispatcher confirmed that a warrant was "in hand" for $1539 in unpaid bills. Anderson then arrested Atchison, who tried to flee, and discovered a .45 caliber handgun, methamphetamine, cocaine, marijuana, plastic bags, and a camcorder in his backpack.

At the hearing Atchison told a different story. He testified that before Anderson activated the recorder he asked whether he could leave and Anderson replied that he could not. Only then, Atchison testified, did Anderson ask for identification and start the recorder. In support of this chronology, Atchison introduced Anderson's official report describing the arrest. In the report Anderson wrote that when Atchison asked to leave he replied, " 'Wait a minute, I have to check some things.' " Then, the report reflects, Anderson asked for identification (at which point all agree that the tape begins). Anderson testified on redirect, however, that his report inaccurately described the point at which Atchison asked if he could go. The district court credited this explanation and found that Atchison was free to leave until after it was discovered that a warrant might exist for his arrest. The potential issue identified by counsel and Atchison is whether to argue that the court's finding is clearly erroneous. We agree with counsel that it indeed would be frivolous to make such an argument because the district court was entitled to choose between competing versions of what happened. *See, e.g., United States v. Pedroza*, 269 F.3d 821, 825–26 (7th Cir. 2001).

■ Atchison did not contend in the district court that his motion should have been granted if the court rejected his account of the arrest. In any event such an argument also would be frivolous. The Supreme Court and this court have re-

peatedly explained that Fourth Amendment protections do not arise when the police simply approach persons on the street and pose questions, ask for identification, or request consent to search their belongings–provided that the officers do not induce cooperation by coercive means. *United States v. Drayton*, 536 U.S. 194, 122 S.Ct. 2105, 2110, 153 L.Ed.2d 242 (2002); *United States v. Childs*, 277 F.3d 947, 950 (7th Cir.2002) (en banc).

Here Anderson pulled up behind Atchison in broad daylight and asked if they could talk. Anderson did not suggest that Atchison could not leave, for example, by activating his lights and siren, displaying his gun, ordering Atchison to stop, using a strong tone, or physically touching Atchison. *See Florida v. Bostick*, 501 U.S. 429, 437, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); *Michigan v. Chesternut*, 486 U.S. 567, 575, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988); *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). And by the time Atchison asked to leave, Anderson suspected that there was an outstanding warrant. Reasonable suspicion of prior criminal activity justifies a brief investigatory stop, *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *United States v. Jackson*, 300 F.3d 740, 745 (7th Cir.2002), and discovering that the warrant actually exists permits custodial detention. Thus, an argument that the district court should have suppressed the evidence obtained as a result of Atchison's arrest would be frivolous.

In his Rule 51(b) response, Atchison also expresses dissatisfaction with his lawyer's performance, but he does not identify a particular concern that would amount to a potential issue for appeal. And even if this complaint amounted to a potential issue, we have noted in many cases that claims of ineffective assistance of counsel

are rarely appropriate on direct review because the record typically is insufficient for a complete review. *See, e.g., United States v. Schuh,* 289 F.3d 968, 976 (7th Cir.2002).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.