**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tony MORRIS, Defendant–Appellant.**

**No. 03–1676.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 9, 2004.

Decided Feb. 9, 2004.

Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Tony Morris, pro se, Greenville, IL, for Defendant–Appellant.

Before POSNER, EASTERBROOK, and WILLIAMS, Circuit Judges.

## ORDER

Tony Morris pleaded guilty to conspiracy to distribute cocaine base, 21 U.S.C. §§ 846, 841(a)(1), and possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). The district court imposed concurrent sentences totaling 250 months' imprisonment, five years' supervised release, and $200 in special assessments. Morris appeals, but his appointed counsel believes that the case is frivolous and seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, so we limit our review to the potential issues identified in counsel's submission and Morris's response filed under Circuit Rule 51(b). *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). We grant the motion to withdraw and dismiss the appeal.

Counsel first considers whether Morris could challenge the validity of his guilty pleas. Counsel addresses this potential issue because he could not confirm whether Morris wants his guilty pleas set aside, but in his Rule 51(b) response Morris makes clear that he wants only to be resentenced, not to withdraw his guilty pleas. We have held that an attorney should not even explore the possibility of a defective plea colloquy in an *Anders* submission unless he knows that the defendant wants to withdraw his pleas, *United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002), so we will not address the matter further.

In his Rule 51(b) response, Morris contends that the district court improperly sentenced him for distributing "crack cocaine" when the government proved only that he was guilty of distributing "cocaine base." But under § 841 and the sentenc-

ing guidelines, "cocaine base means crack cocaine." *See* U.S.S.G. § 2D1.1(c), n.(D); *United States v. Booker,* 260 F.3d 820, 823 (7th Cir.2001). And at the plea hearing the government proffered that Morris had repeatedly sold "crack cocaine"; Morris admitted that the government's recitation of the facts accurately reflected his crime. Furthermore, the presentence report repeatedly refers to the drug Morris sold as "crack" and "cocaine base a/k/a 'crack'." At sentencing the court asked Morris's counsel whether he had "any objections to any of the factual statements in the report," and counsel replied that he had none. Thus, it would be frivolous to challenge on appeal the factual conclusion that the cocaine base Morris was dealing was specifically crack.

■ Morris also contends that the court erred in factoring relevant conduct into the drug quantity used to calculated his base offense level, U.S.S.G. § 1B1.3, and in applying guidelines for possession of three firearms, *see id.* § 2K2.1(b)(1)(A), and status as a career offender, *see id.* § 4B1.1. Any challenge to the relevant conduct included in the overall drug quantity would be frivolous because Morris expressly agreed to the drug amount–150 to 500 grams of cocaine base–in his plea agreement. And the other two guidelines Morris mentions are irrelevant. Section § 2K2.1 would have been used to calculate an offense level for Morris's gun conviction, but the district court properly sentenced him under the offense guideline applicable to the conviction yielding the highest guideline range–his drug conspiracy conviction. *See* U.S.S.G § 3D1.3; *United States v. D'Ambrosia,* 313 F.3d 987, 991 n. 10 (7th Cir.2002). Likewise, the career offender guideline did not affect Morris's sentence because it yielded an identical

offense level to that calculated for Morris's drug conviction. *See* U.S.S.G. § 4B1.1; *United States v. King,* 356 F.3d 774, 780 (7th Cir.2004) (career offender offense level applies only when it is "greater than the offense level otherwise applicable").

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.