**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Randy C. COLLINS, Defendant–
Appellant.**

**No. 03–3126.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 4, 2004.

Decided March 5, 2004.

Elizabeth Altman, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Randy C. Collins, pro se, Elkton, OH, for Defendant–Appellant.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

### ORDER

Randy Collins pleaded guilty to one count of possession with intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Collins to 200 months' imprisonment and five years' supervised release, and imposed a $100 special assessment. Collins filed a timely notice of appeal, but his appointed counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he deems the appeal frivolous. Counsel's brief is facially adequate, and so we limit our review to the potential issues identified in the brief and in the response Collins filed under Circuit

Rule 51(b). *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Collins was originally indicted on five counts. Four of the counts alleged separate instances in which Collins distributed crack, while the fifth charged that he possessed a firearm after a felony conviction. Although Collins pleaded guilty to only one of the distribution counts, the probation officer calculated that the total amount of crack attributable to his conduct was in fact over 3.8 kilograms, warranting a base offense level of 38 under § 2D1.1(c)(1) of the sentencing guidelines. The probation officer arrived at this weight by combining the amount purchased by undercover officers, 97.27 grams, with the amount that witnesses saw Collins sell in the months leading up to his arrest. Collins objected to this large weight; he believed that he was responsible only for 97.27 grams because the government was attempting to use unreliable "hearsay" testimony to drastically increase his sentence.

At sentencing the government responded to Collins's objection by calling three witnesses who testified that they had seen Collins either preparing or selling amounts of crack ranging from 3.5 grams to half a kilogram in the months leading up to his arrest. One witness testified that he had seen Collins with "softball-sized" balls of crack on multiple occasions. Another testified to buying $9,000 worth of crack from Collins over the course of a month. After hearing the evidence the court asked the government to detail how the witnesses' testimony proved that Collins was responsible for 3.8 kilograms of crack; the government conceded that the specific amounts related by its witnesses added up to just 588 grams but attributed the large disparity to its exclusion of the "softball-sized" amounts from the calculation. The government argued that factoring in these amounts could conceivably push the total

weight to the level in the presentence report. The court then recessed the hearing for 30 minutes to allow the government time to calculate the weight more precisely.

When the hearing resumed, the government revised its 588–gram figure up to 765 grams. The government noted that this was a conservative estimate, because it again chose not to include the "softball-sized" amounts, which would have added "approximately 500 grams," and the $9,000 dollars worth of crack, which would have added another 190 grams, in its calculation. The government stated that it was not pressing for the additional 690 grams because the 765–gram figure already placed Collins in the sentencing range for *500 grams to 1.5 kilograms, which carries a base offense level of 36. See* U.S.S.G. § 2D1.1(c)(2). Collins's counsel had no objection to the revised, 765–gram amount, telling the court that it was "fair." The district court agreed with the parties that this amount was supported by a preponderance of the evidence, but the court also thought that the witness testimony about the "softball-sized" amounts and the $9,000 worth of crack was uncontradicted, so the court added 690 grams to the government's calculation, resulting in a total weight of approximately 1455 grams. Thus, the ultimate result of the hearing was to reduce the base offense level of 38 proposed by the probation officer down to 36.

 The only issue that counsel considers as a potential basis for appeal is the court's use of witness testimony to establish that the amount of crack attributable to Collins was 1455 grams. Although we have cautioned against the use of anonymous witness statements of questionable reliability as a basis for dramatically increasing the weight calculation for a drug offense, *see United States v. Robinson,* 164 F.3d 1068, 1070 (7th Cir.1999); *United*

**404**

*States v. Bacallao,* 149 F.3d 717, 721 (7th Cir.1998), the district court here heard live testimony from the sources behind the presentence report, and the court required the government to specify the aspects of the testimony that would corroborate the amount calculation. As a result the government was willing to calculate the weight at 765 grams, an amount that defense counsel waived objection to by acknowledging it as "fair." *See United States v. Cooper,* 243 F.3d 411, 416 (7th Cir.2001).

■ Collins also did not voice any objection to the court's decision to add an additional 690 grams to the government's "conservative" calculation of 765 grams, and we would therefore review the court's decision for clear error. *See id.* at 416. But an appeal on this issue would also be frivolous given the testimony at sentencing. One witness testified that he purchased softball-sized amounts of crack from Collins on two occasions and tennis-ball-sized amounts on three occasions. Another witness testified that she purchased $9,000 worth of crack from Collins. This uncontradicted testimony supports an additional 690 grams, *cf. United States v. Kibler,* 279 F.3d 511, 518 (7th Cir.2002) (noting witness's testimony that weight of softball-sized rock of crack was 140 grams); *United States v. Wash,* 231 F.3d 366, 371 (7th Cir.2000) (upholding government's calculation of weight based on $100 per gram of crack), and given the conservative nature of the government's 765–gram figure–one witness saw Collins cook 500 grams of crack and another testified to purchasing several ounces of crack from Collins daily for a period of six months–we would not be able to say that the court's calculation of 1455 grams was clearly erroneous.

■ Collins proposes two additional issues in his response to counsel's motion, but both would be frivolous. First, Collins

would argue that the district court erred in applying the adjustment under § 2D1.1(b)(1) for possessing a dangerous weapon. But Collins did not dispute this adjustment in his written objections to the presentence report, and when asked at sentencing whether he had any additional objections, he said no. Accordingly the issue has been waived. *See Cooper,* 243 F.3d at 416.

■ Collins would also argue that by introducing evidence of his relevant conduct the government breached its promise in the plea agreement that Collins's plea was "in complete satisfaction of all possible federal criminal violations." But, contrary to Collins's reading, the plea agreement expressly reserves the government's right to produce evidence of relevant conduct at sentencing, a concept Collins assured the district court at his plea colloquy that he understood. *See United States v. Schuh,* 289 F.3d 968, 975 (7th Cir.2002) (representations at guilty plea hearing presumed to be truthful). These clauses in the plea agreement are not contradictory because the government's promise not to prosecute Collins for other offenses did not prevent it from proving his relevant but uncharged conduct at sentencing. *See United States v. Hoster,* 988 F.2d 1374, 1378 (5th Cir. 1993).

For these reasons, we GRANT counsel's motion to withdraw, and DISMISS the appeal.