**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alan MARTINEZ–GUZMAN and**
**Alfredo Ceballos Defendants–**
**Appellants.**

Nos. 03–2722, 03–2723.

United States Court of Appeals,
Seventh Circuit.

Submitted March 24, 2004.

Decided March 25, 2004.

Bradley Blackington, Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

Alan Martinez–Guzman, Federal Correctional Institution (Medium), Beaumont, TX, pro se.

Alfredo Ceballos, Federal Correctional Institution, Pekin, IL, pro se.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

**ORDER**

Alan Martinez–Guzman and Alfredo Ceballos, along with four codefendants, were tried by a jury and found guilty of conspiracy to possess and distribute methamphetamine. 21 U.S.C. §§ 846, 841(a)(1). Ceballos was also convicted of conspiracy to launder drug proceeds, 18 U.S.C. § 1956(h), (a)(1)(A)(i). Martinez–Guzman and Ceballos appealed, and the government cross-appealed, arguing that the district court erred by refusing to increase each defendant's offense level by two for using a minor in the commission of the offense. *See* U.S.S.G. § 3B1.4. We agreed with the government and remanded for resentencing. *See United States v. Ceballos,* 302 F.3d 679, 696–98 (7th Cir.2002). As relevant here, the district court resentenced Martinez–Guzman to 324 months' imprisonment (originally 268 months) and Ceballos to life imprisonment on the drug conspiracy count (originally 360 months). Martinez–Guzman and Ceballos appeal from the amended judgments, but their appointed counsel move to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because they believe the appeals are frivolous. Counsels' jointly filed brief is facially adequate, and so we limit our review to the potential issues identified in the brief and in the response Ceballos filed under Circuit Rule 51(b). *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

During the conspiracy Martinez–Guzman and Ceballos employed Jorge Hernandez–Martinez, then under 18, as a drug courier and translator to quote prices to undercover DEA agents. Section 3B1.4 applies "if the defendant used" a person under eighteen "to commit the offense *or*

assist in avoiding" apprehension or detection for the offense. U.S.S.G. § 3B1.4 (emphasis added). Although the district court originally found that Martinez–Guzman and Ceballos had "used" Hernandez–Martinez, it nonetheless reasoned that the § 3B1.4 adjustment was improper because Martinez–Guzman and Ceballos had not also relied on Hernandez–Martinez's status as a minor to shield them from prosecution. We rejected any notion of such an additional requirement, and instructed the district court to apply the § 3B1.4 adjustment, noting that Martinez–Guzman and Ceballos did not and could not argue that "Hernandez–Martinez's involvement did not constitute 'use' under § 3B1.4." *Ceballos,* 302 F.3d at 697–98.

At resentencing neither Martinez–Guzman nor Ceballos disputed Hernandez–Martinez's involvement in the conspiracy. Based on our opinion in the original appeal, the district court found the adjustment warranted as to both defendants: Martinez–Guzman had twice used Hernandez–Martinez as a translator during controlled drug buys and Ceballos had used Hernandez–Martinez as both a translator and courier. Given our opinion in *Ceballos,* we agree with counsel that it would be frivolous for Martinez–Guzman and Ceballos to argue that they did not "use" Hernandez–Martinez as contemplated by § 3B1.4. *See Ceballos,* 302 F.3d at 697–98; *see also United States v. Hodges,* 315 F.3d 794, 802 (7th Cir.2003); *United States v. Rivera,* 248 F.3d 677, 682 (7th Cir.2001).

In his Rule 51(b) response Ceballos contends that our court's interpretation of § 3B1.4 in his earlier appeal conflicts with the decisions of other circuits and thus should be reconsidered en banc. We are not aware of any such conflicts, nor does Ceballos identify any. This argument is therefore frivolous.

■ Finally, Ceballos asserts in a single sentence that he was denied the effective assistance of counsel at resentencing, but to the extent that he proposes this as an appellate argument, it is better saved for collateral attack where the claim can be explained and the record fully developed. *See generally Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *see also United States v. Kelly*, 337 F.3d 897, 903 (7th Cir.2003).

Accordingly, we GRANT counsels' motions to withdraw and DISMISS the appeals.