**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marlon BEARD, Defendant–Appellant.**

No. 05–3762.

United States Court of Appeals,
Seventh Circuit.

Submitted May 31, 2006.

Decided June 1, 2006.

Bradley W. Murphy, Office of the United States Attorney, Peoria, IL, for Plaintiff–Appellee.

Timothy J. Cusack, Peoria, IL, for Defendant–Appellant.

Before Hon. TERENCE T. EVANS, Circuit Judge, Hon. ANN CLAIRE WILLIAMS, Circuit Judge, Hon. DIANE S. SYKES, Circuit Judge.

## ORDER

Marlon Beard was charged with possessing at least 50 grams of crack with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(A), and with possessing a gun in furtherance of that offense, 18 U.S.C. § 924(c). He pleaded guilty to the drug offense but elected to take the gun charge to a jury, which found him guilty. The district court sentenced Beard to the mandatory minimum of 120 months on the drug count and a mandatory, consecutive 60 months on the gun count. Beard filed a notice of appeal, but his appointed lawyer now moves to withdraw because she cannot discern a nonfrivolous basis for the appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We notified Beard that he could respond to counsel's motion, *see* Cir. R. 51(b), but he has not. Because counsel's supporting brief is facially adequate, we review only the potential issues it identifies. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997).

■ There is no indication that Beard is interested in having his guilty plea set aside for the drug-possession count, so counsel appropriately avoids any discussion about the adequacy of Beard's plea colloquy or the voluntariness of his plea. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002). Counsel instead focuses on whether there is sufficient evidence to support Beard's conviction under § 924(c), and whether Jury Instruction 16 outlines appropriate factors for the jury to have considered in determining whether the gun was possessed in furtherance of a drug crime.

■ When the sufficiency of the evidence is challenged, we ask whether any rational trier of fact could convict on the evidence presented. *United States v. Carrillo,* 435 F.3d 767, 775 (7th Cir.2006). Here it would be frivolous for Beard to argue that the government failed to adequately prove that he possessed the gun in furtherance of his drug trafficking. Police officers found the loaded handgun—which had an obliterated serial number—while searching Beard's apartment after the crack sale that led to his arrest. The gun was in easy reach on a shelf in the bedroom closet, near a jacket with Beard's prescription medication in the pocket. And, most importantly, the gun was found a few feet from $8,000 worth of crack that was packaged for sale. We have held that a fact-finder reasonably may infer that a defendant's possession of a gun was intended to "further" his drug operation if he "strategically placed" the gun near a cache of drugs, making the gun readily available to protect "himself, his drugs, and his ongoing drug trafficking business." *United States v. Castillo,* 406 F.3d 806, 815–16 (7th Cir.2005); *see also United States v. Duran,* 407 F.3d 828, 840–41 (7th Cir.2005). We have also recognized that illegally possessing a loaded gun and keeping it in close proximity to drugs suggests that its possession was to facilitate drug activity. *See Duran,* 407 F.3d at 840–41; *Castillo,* 406 F.3d at 815–16. That is Beard's case.

■ Counsel also considers arguing that Jury Instruction 16 misstates the law on the "in furtherance" element of § 924(c). Jury Instruction 16 states:

Whether a firearm is possessed "in furtherance of a drug trafficking crime" is a question of fact to be decided by the jury. In answering this question, you may consider the following non-exclusive factors: 1) the type of drug activity that is being conducted; 2) the accessability of the firearm; 3) the type of weapon; 4) the status of the possession; 5) whether the gun was loaded; 6) the proximity of the gun to the drugs; and

7) the time and circumstances under which the gun was found.

The natural meaning of "in furtherance of" is furthering, advancing or helping forward. If you find that the defendant possessed the .357 caliber revolver, then you must decide whether the firearm helped further the possession and future distribution of the drugs found in the apartment.

We have recognized that all of the factors in the first paragraph are probative in determining "whether a gun was, in fact, possessed 'in furtherance' of the drug crime," and as we recognized above, the jury could properly consider such factors to convict Beard of violating § 924(c). *Castillo*, 406 F.3d at 815; *see Duran*, 407 F.3d at 840. Indeed, the Sixth and Tenth Circuits have adopted pattern jury instructions similar to the instruction the district court provided Beard's jury. *See* Pattern Crim. Jury Instr. 6th Cir. § 12.03 (2005); Pattern Crim. Jury Instr. 10th Cir. § 2.45.1 (2006). Giving an explicit instruction for evaluating this term of art did not prejudice Beard; rather, Jury Instruction 16 clarified the meaning of "in furtherance" for the jury. *See Castillo*, 406 F.3d at 821. Any argument that the district court erred in giving the instruction would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.