UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 11, 2006
Decided October 23, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-1753

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | |
| ALEJANDRO AVILA-LEON, *Defendant-Appellant.* | No. 05-CR-315-1 |
| | Amy J. St. Eve, *Judge.* |

**O R D E R**

Alejandro Avila-Leon and co-defendant Pedro Carret-Rivero were arrested and charged after they delivered over five kilograms of cocaine to a confidential informant. Avila-Leon entered a plea of guilty to one count of conspiracy to possess with intent to distribute cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). Although he was subject to a statutory minimum of 120 months' imprisonment because of the quantity of cocaine, *id.* § 841(b)(1)(A), Avila-Leon sought a lesser sentence under the "safety valve," *see* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a). The district court found that Avila-Leon was ineligible for the reduced sentence because he failed to make a complete and truthful proffer and determined that a sentence of 120 months was

proper. Avila-Leon appeals, but his appointed counsel opines that she is unable to discern a nonfrivolous basis for the appeal and moves the Court to allow her to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Since counsel's supporting brief is facially adequate and Avila-Leon has failed to respond to his attorney's motion, *see* Cir. R. 51(b), we review only the potential issue that counsel has identified. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Since Avila-Leon has given no indication that he wants his guilty plea vacated, counsel has appropriately avoided any discussion addressing the voluntariness of the plea or the adequacy of the colloquy. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). Counsel considers only one potential argument: whether the district court erred by not applying the safety valve in sentencing Avila-Leon. The safety valve allows certain non-violent, first-time drug offenders to avoid application of statutory mandatory minimum sentences, *if* they cooperate with the government before sentencing. *See* 18 U.S.C. § 3553(f)(1)-(5); U.S.S.G. § 5C1.2; *United States v. Alvarado*, 326 F.3d 857, 860 (7th Cir. 2003). The defendant bears the burden of establishing his eligibility for the safety valve by a preponderance of evidence. *See United States v. Montes*, 381 F.3d 631, 634 (7th Cir. 2004). We review the trial court's determination that a defendant failed to meet this burden for clear error. *See United States v. Harrison*, 431 F.3d 1007, 1014 (7th Cir. 2005); *United States v. Ponce*, 358 F.3d 466, 468 (7th Cir. 2004).

The trial judge found that Avila-Leon met all of the safety-valve criteria except for one: he failed to cooperate with the government. *See* 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). To satisfy that criterion, Avila-Leon was required to truthfully disclose "all information and evidence" he had concerning his offense to the government. *Id.* Avila-Leon gave information to the government on two occasions, but the authorities were not convinced that Avila-Leon had truthfully disclosed all of the information he had concerning the transaction. After a hearing on the matter—at which Avila-Leon testified extensively—the trial judge agreed that the information that Avila-Leon had provided was neither truthful nor complete. Avila-Leon and his co-defendant both insisted that this was their first drug deal and that they were acting on the orders of others. Avila-Leon's attempt to portray himself as a simple courier is belied by the admissions in his plea agreement that he negotiated the quantity and price of the cocaine and named the location where the transaction would be completed. At the evidentiary hearing Avila-Leon contradicted these facts during his direct testimony, but did concede on cross-examination that the version set forth in the plea agreement was accurate. Moreover, Avila-Leon does not dispute that during his first hour-long proffer he failed to state that a third partner was involved in the cocaine sale. He revealed this information only after the government threatened to withdraw its recommendation for the safety valve. A district court may consider a defendant's

lack of candor when determining eligibility under the safety valve provision. *Ponce*, 358 F.3d at 468-469. The district court's denial of the safety valve is amply supported in the record and thus was not clearly erroneous. Arguing otherwise would be frivolous.

We GRANT the motion to withdraw and DISMISS this appeal.