

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-9-2008

# USA v. Munez

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1920

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Munez" (2008). *2008 Decisions*. Paper 557.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/557

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-1920

———

UNITED STATES OF AMERICA

v.

RICKY MUNEZ,
                                    Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 06-cr-00499)
District Judge: Hon. Jerome B. Simandle

———

Submitted Under Third Circuit LAR 34.1(a)
September 8, 2008

Before: SLOVITER, FUENTES and NYGAARD, Circuit Judges

(Filed: September 9, 2008 )

———

OPINION

SLOVITER, <u>Circuit Judge</u>.

Ricky Munez pled guilty to one count of conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base (i.e., "crack cocaine") in violation of 21 U.S.C. § 846, and was sentenced to 188 months imprisonment.[1] His counsel, who filed a timely notice of appeal, filed a motion to withdraw as counsel and a brief in support of that motion pursuant to <u>Anders v. California</u>, 386 U.S. 738, 744 (1967). Under <u>Anders</u>, if, after review of the district court record and a conscientious investigation, counsel is convinced that the appeal presents no issue of arguable merit, counsel may properly ask to withdraw while filing a brief referring to anything in the record that might arguably support the appeal. <u>Id.</u> at 741-42, 744. To satisfy the <u>Anders</u> requirements, appellant's counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and then "explain why the issues are frivolous." <u>United States v. Marvin</u>, 211 F.3d 778, 780 (3d Cir. 2000) (citing <u>United States v. Tabb</u>, 125 F.3d 583, 585-86 (7th Cir. 1997)). "The Court's inquiry when counsel submits an <u>Anders</u> brief is thus twofold: (1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001).

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction to review this matter pursuant to 28 U.S.C. § 1291.

2

# I.

Using a cooperating source ("CS"), the Drug Enforcement Administration conducted three controlled crack cocaine purchases from Munez in Atlantic County, New Jersey in January 2004. The CS purchased a total of more than twenty grams of crack cocaine from Munez before the government obtained a warrant for Munez's arrest, which was executed on February 2, 2004. Munez was indicted on a single count of conspiracy to distribute and possess with intent to distribute five grams or more of crack cocaine, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(B), and in violation of 21 U.S.C. § 846.

On October 24, 2006, Munez pled guilty before the District Court. As a result of the quantity of drugs involved in the conspiracy, Munez faced a base offense level of 28. On account of his eleven prior drug distribution convictions, however, he was subject to an offense level of 34 under the Sentencing Guidelines' career offender provision, U.S.S.G. § 4B1.1(b)(B). After applying a 3-point adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, Munez's total offense level was 31. Munez's numerous prior convictions put him in a criminal history category of VI. At Munez's sentencing hearing, the District Court sentenced him to 188 months imprisonment, the bottom end of the applicable 188 to 235 month Guidelines range.

Munez filed a timely notice of appeal. After his appeal was filed, Munez filed a pro se brief in this court. We have reviewed the court record to determine whether the appeal is "wholly frivolous," see Penson v. Ohio, 488 U.S. 75, 80 (1988), and agree with

3

counsel that it is.

## II.

In order to fulfill our obligation to decide whether to accept counsel's <u>Anders</u> brief and permit counsel to withdraw, we review not only the brief itself but the record on appeal, in particular the colloquy held by the District Court to determine whether the guilty plea was entered knowingly and voluntarily. The District Court closely examined Munez during the colloquy, asking him about his educational and criminal background, his comprehension of the English language, and whether he had taken any drugs, alcohol, or medication within the last twenty-four hours. Munez answered all of these questions sufficiently, and explicitly declined the Court's offer of a translator.

Munez confirmed that he had been furnished with a copy of the charge against him, and that charge was read to him by the Court. As part of the colloquy, Munez also confirmed that he was aware of the written plea agreement, that he was pleading guilty of his own free will because he was guilty, that he understood the result of such a plea, that he wished to waive various constitutional rights by pleading guilty, and that he knew the penalty was a statutory minimum of five years and a maximum of forty years imprisonment, as well as a maximum $2 million fine. Munez also affirmed that he understood that the sentence imposed by the Court after it had an opportunity to review the presentence report might be different from any estimate he had been given, that the Court had the authority to depart from the Guidelines and impose a sentence that is more

4

or less severe than that called for by the Guidelines, and that the Court had the discretion to impose a sentence concurrent with or consecutive to the state sentence Munez was currently serving.

The District Court then questioned Munez about the details of the crime, in particular his sale of crack cocaine to the CS on three separate occasions in January 2004. After an additional inquiry into Munez's knowledge and intent with respect to the crime to which he was pleading, the District Court accepted Munez's guilty plea and held that all the requirements of Rule 11 of the Federal Rules of Criminal Procedure had been satisfied by the proceeding. We agree, and conclude that there are no nonfrivolous issues to appeal with respect to Munez's guilty plea.

At the sentencing hearing, the District Court confirmed that Munez had "at least two prior felony drug distribution convictions on his record," App. at 35, thus confirming the propriety of the career offender enhancement. The Court also expressly recognized its authority to grant Munez a variance pursuant to United States v. Gunter, 462 F.3d 237 (3d Cir. 2006), in light of the disparity in the treatment of crack and powder cocaine under the Guidelines, but declined to grant such a variance.[2] It explained that the Guidelines range

---

[2] In light of our reasoning in Gunter, the Supreme Court's recent decision in Kimbrough v. United States, 552 U.S. ----, 128 S. Ct. 558 (2007), does not provide a nonfrivolous issue for appeal. As we recently explained, "[t]he Supreme Court's decision in Kimbrough was foreshadowed by this Court's decision in Gunter . . . ." United States v. Wise, 515 F.3d 207, 222 (3d Cir. 2008).

5

that would be appropriate were Munez convicted of a powder cocaine conspiracy would overlap with the range appropriate for the crack cocaine conspiracy charged here. It also stated that its decision not to grant a downward variance on this ground was balanced by its decision not to grant an upward departure because Munez's criminal history category underrepresented the seriousness of his criminal record. Because the District Court followed the appropriate sentencing procedures, sentenced Munez to the bottom of the Guidelines range, and thoroughly addressed the grounds asserted by Munez in his request for a variance, we conclude that there are no nonfrivolous issues for appeal with respect to Munez's sentence.

In his pro se brief, Munez argues that his sentence was excessive and implies that counsel did not provide him with effective assistance. The former argument may be disposed of by reference to our previous analysis of Munez's sentence. The latter is not properly addressed for the first time on direct appeal. See Gov't of V.I. v. Forte, 806 F.2d 73, 77 (3d Cir. 1986) ("[A] defendant must raise ineffective assistance of counsel in a collateral proceeding under 28 U.S.C. § 2255 in order that the district court may create a sufficient record for appellate review."). Therefore, these issues are also frivolous.

## III.

For the reasons set forth, we will affirm the judgment of conviction and sentence, and we will grant counsel's motion to withdraw.