NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-4151

UNITED STATES OF AMERICA

v.

BRUCE WILCOX,
Appellant.

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Crim. No. 3-07-cr-00525-002)
District Judge: Honorable Mary L. Cooper

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 26, 2010

Before: FUENTES and FISHER, Circuit Judges, and *KANE, District Judge

(Opinion Filed: March 29, 2010)

OPINION OF THE COURT

* Honorable Yvette Kane, Chief Judge of the United States District Court for the Middle
District of Pennsylvania, sitting by designation

FUENTES, <u>Circuit Judge</u>:

Appellant Bruce Wilcox pled guilty to possessing heroin with an intent to distribute. Wilcox's counsel, John M. Holliday ("Counsel"), has moved to withdraw his representation pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the following reasons, we will grant Counsel's motion and affirm Wilcox's conviction and sentence.[1]

I.

Because we write primarily for the parties, we set forth only those facts necessary to our analysis.

Wilcox pled guilty to possessing with an intent to distribute a quantity of a mixture containing heroin in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i). The guilty plea stemmed from a December 14, 2006 drug transaction, during which Wilcox and his co-defendant purchased approximately 120 bricks of heroin in New York City and transported the narcotics to New Jersey using the New Jersey Transit System. Law enforcement intercepted telephone conversations between Wilcox and other individuals discussing purchasing the heroin and transporting the heroin across state lines. Wilcox thereafter traveled to New York, purchased the heroin and returned to New Jersey with Mercedes, a female companion. When law enforcement approached Mercedes, she consented to a pat down and 110 bricks of heroin were seized. The net weight of the heroin was 296.03 grams.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

2

Wilcox pled guilty to Count Two of the indictment pursuant to a plea agreement in which the Government agreed to dismiss the indictment's conspiracy count. In his plea, Wilcox stipulated that the weight of the heroin was 296.03 grams. Wilcox was sentenced by the District Court on October 1, 2008. Pursuant to U.S.S.G. § 4B1.1(b), the District Court adjudicated Wilcox a career offender and placed him in criminal history category VI with a base offense level of 34, which was reduced to 31 for his acceptance of responsibility. As such, Wilcox's Guideline range was 188 to 235 months imprisonment. Exercising its discretion, the District Court denied Wilcox's motion for a downward departure based on compelling childhood circumstances, which included growing up in a home where adults regularly engaged in drug trafficking. The District Court sentenced Wilcox to 188 months imprisonment and five years of supervised release.

After reviewing the record, Counsel concluded that there are no non-frivolous issues Wilcox can raise on appeal. Therefore, he filed an *Anders* motion to withdraw as counsel with a supporting brief. Although afforded an opportunity to do so, Wilcox did not file a brief.

## II.

Under L.A.R. 109.2 (2008), a counsel may move to withdraw representation where he or she is "persuaded that the appeal presents no issue of even arguable merit." This motion must be supported by an *Anders* brief which: (1) shows that a counsel "thoroughly scoured the record in search of appealable issues;" and (2) "explain[s] why the issues are

frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). We then inquire as to "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). In an *Anders* brief, a counsel's inquiry into appealable issues demands a level of thoroughness. This standard, however, does not require a counsel to "raise and reject every possible complaint." *Marvin*, 211 F.3d at 780. Rather, a counsel must employ sound judgment to "conclude that no further discussion of other areas of the case is necessary." *Id.* (quoting *United States v. Tabb*, 125 F.3d 583, 585 (7th Cir. 1997)). Consequently, failure to uncover the best arguments on behalf of a client is grounds for rejecting a counsel's *Anders* brief. *Id.* at 781. Additionally, a counsel must discuss why the issues raised are frivolous. We may reject an *Anders* brief "in which counsel argue the purportedly frivolous issues aggressively without explaining the faults in the arguments." *Marvin*, 211 F.3d at 781.

After reviewing the record in this appeal, it is apparent that Counsel thoroughly reviewed both the record and the law. In turn we conclude that he has satisfied Rule 109.2(a)'s requirements. We therefore independently reviewed the record appended to Wilcox's brief. Because Counsel's *Anders* brief is facially adequate, however, it guided our review. *See Youla*, 241 F.3d at 301.

Counsel maintains that there are no non-frivolous issues to raise on appeal because Wilcox's plea and sentencing hearings satisfied all statutory and constitutional requirements. In his brief he therefore identifies three possible issues for appeal and

4

explains why each is frivolous. They are: (1) whether the plea hearing met Federal Rule of Criminal Procedure 11's requirements; (2) whether the District Court complied with proper sentencing rules; and (3) whether the judge erred in denying Wilcox's motion for a downward departure.

First, Counsel explains why Wilcox's plea hearing comported with Rule 11's requirements.[2] Rule 11 sets forth a number of elements that must be satisfied in order for a District Court to accept a guilty plea. These requirements include advising a defendant of his constitutional rights, informing a defendant about the consequences of his guilty plea, ensuring that a defendant's plea is voluntary and determining that a factual basis exists for the plea. Because the District Court engaged in an extensive colloquy with Wilcox regarding his rights, these requirements were satisfied during his plea hearing. (App.16-27) The District Court also determined that Wilcox was competent, capable, and was voluntarily entering the plea. (App. 36) Wilcox also admitted a number of facts that created a factual basis for the plea, including purchasing heroin in New York and transporting the narcotics to New Jersey. (App. 34-35) Therefore, we agree with Counsel that Wilcox's plea hearing met Rule 11's requirements and any appeal predicated upon the adequacy of the hearing would be frivolous.

Next, Counsel questions whether the District Court complied with Rule 32's

---

[2] We exercise plenary review over whether a plea hearing met Rule 11's requirements and over whether a district court complied with Federal Rule of Criminal Procedure 32's strictures during a sentencing hearing. *See United States v. Cherry*, 10 F.3d 1003, 1013-14 (3d Cir. 1993).

5

requirements, concluding that the sentencing hearing was properly conducted. Specifically, Counsel notes that the "Court confirmed with both Wilcox and defense counsel that they had the opportunity to review and discuss the Presentence Investigation Report," as well as an opportunity to offer any objections to the Report. (App. 40-42) The District Court also afforded Wilcox an opportunity to speak, of which Wilcox took advantage. (App. 53) Finally, the District Court informed Wilcox of his right to appeal. (App. 58) After examining the transcript of the sentencing hearing, we agree that the District Court satisfied Rule 32's requirements and therefore any appeal predicated upon a challenge to the sentencing hearing would be frivolous.

Finally, Counsel raises a sentencing issue, concluding that the District Court did not err in denying Wilcox's motion for a downward departure based upon compelling circumstances. At his sentencing hearing, Wilcox argued that his "exposure to drug trafficking and related criminal behavior at such a young and impressionable age constituted significant extenuating circumstances not otherwise contemplated by the Federal Sentencing Guidelines." Appellant's Br. at 14. The District Court disagreed, noting that the Sentencing Guidelines foreclosed such a departure and therefore denied Wilcox's motion. (App. 48-50) The District Court also noted that if it did have discretion to depart on this basis, it would not do so in Wilcox's case because "the circumstances . . . [Wilcox] describes in no way are unusual and are all too common." (App. 49) Generally, "[w]e lack jurisdiction to review a district court's refusal to depart downward when, aware that it has the authority to depart, it nonetheless determines that a

6

departure is not warranted," *United States v. Nolan-Cooper*, 155 F.3d 221, 224 (3d Cir. 1998) (citing *United States v. Sally*, 116 F.3d 76, 78 (3d Cir. 1997). Here, the District Court considered the parties' arguments and appropriately considered the 18 U.S.C. § 3553(a) factors. Therefore, any appeal based on the District Court's denial of Wilcox's motion for a downward departure would be frivolous.

In sum, our independent review of the issues raised the *Anders* brief confirms that Wilcox's issues for appeal have no arguable merit and any appeal would be wholly frivolous.

### III.

For the foregoing reasons, we grant Counsel's motion to withdraw because he has satisfied his obligations under *Anders*. We further conclude that it is not necessary to appoint counsel to file a petition for rehearing in this Court or a petition for *writ of certiorari* in the United States Supreme Court on Wilcox's behalf. *See* Local Appellate Rule 109.2(b). Therefore, we affirm the District Court's judgment and sentence.